In the Matter of the Estate of Marion H. Stolz, Also Known as Ella M. Stolz, Deceased.

Surrogate's Court, Bronx County, December 8, 1932.

*Emanuel Friedman,* for the executor.

*Morgan, Bagg & Persons* [*James G. Bagg* of counsel], for August Stolz, claimant.

*Heyert & Weiss,* for John F. McKeon, objectant.

HENDERSON, S. In this accounting proceeding one of the matters presented for determination is the validity of the election of the surviving husband to take an intestate share against the provisions of the will under section 18 of the Decedent Estate Law. The effect of that enactment was to prevent the disinheritance of a surviving spouse without consent in a will executed subsequent to August 31, 1930. The right of election is to the intestate share except where such intestate share is the whole estate, in which case the right to elect is limited to an election to take not more than a half of the net estate, or where a trust has been created by the will maker with income payable to the surviving spouse for life in an amount equal or greater than the intestate share, the surviving spouse

may elect to take the sum of $2,500 absolutely, which sum or so much thereof as may be necessary to give to the elector an absolute benefit of $2,500 is deducted from the principal of the trust fund. The only exception to the rules above stated are specifically enumerated in subdivisions 2 to 5, inclusive.

The will of the decedent was executed August 17, 1931, and made no provision for the husband. Letters testamentary were issued to the executor named in the will on January 4, 1932. Written notice of the election of the husband to take his intestate share against the provisions of the will were served upon the executor personally on January 13, 1932. A copy of such notice with proof of service was filed and recorded on January 25, 1932. The executor disputes the validity of the election on the ground that the surviving husband has no right to make such an election by reason of section 18, subdivision 4, of the Decedent Estate Law which reads: " No husband who has neglected or refused to provide for his wife, or has abandoned her, shall have the right of such an election."

The claimant and the decedent were married in 1908. They lived together for about four years. The decedent then left the claimant and went to live with her mother. In 1913 the claimant instituted an action for divorce which resulted in a verdict in favor of the decedent. After the dismissal of the divorce action, the decedent instituted an action for separation. During the pendency of this action and on March 23, 1915, the claimant and the decedent entered into a separation agreement. The parties agreed to live separate and apart and the claimant agreed to pay to the decedent a weekly sum so long as she lived. The separation action was discontinued March 24, 1915. All the payments agreed upon, with some additional sums, were made to the decedent for her maintenance and support.

In construing subdivision 4 the purpose of the Legislature must be given effect. To this end the language employed together with the circumstances surrounding the enactment of the statute, may be considered. (*Wiley* v. *Solvay Process Company*, 215 N. Y. 584, 588.)

Section 18 of the Decedent Estate Law was enacted upon the recommendation of the Commission appointed by act of the Legislature (Laws of 1927, chap. 519) " to investigate and recommend as to the advisability of a revision of the real property law, the personal property law, the decedent estate law and the other statutes of this state as the commission may deem advisable for the purpose of modernizing and simplifying the law relating to estates and the systems of descent and distribution of property, the advisability of establishing a unified system for the devolution

of real and personal property, and to prepare proposed legislation for such purposes."

The note of the Commission appended to section 18▮ is helpful in so far as it was before the Legislature at the time of the enactment, and is indicative of the legislative intent. (*Lapina* v. *Williams*, 232 U. S. 78, 90; *Woolcott* v. *Shubert*, 217 N. Y. 212.) That part of the note which is pertinent to the instant case is as follows: " The provisions of the section deny a right of election to either a widow or surviving husband in the following cases: * * * (c) Where either husband or wife has abandoned the other or the husband has refused or neglected to provide for the wife. Such an abandonment or refusal or neglect to provide, is intended, as our courts uphold as sufficient to sustain a judgment of separation under section 1161 of the Civil Practice Act."

The decedent in her lifetime could not have succeeded in an action for separation after the agreement of March 23, 1915. In 1912 the decedent left the claimant. Even if it is assumed, as the executor contends, that she was justified in leaving by reason of the cruel treatment of her husband, there was no abandonment by the husband. After the separation agreement, there could be no abandonment, for the decedent consented to living separate and apart from her husband. (*Powers* v. *Powers*, 33 App. Div. 126.) To constitute an abandonment there must be a desertion without consent. The .claimant performed his part of the separation agreement. No sufficient grounds to sustain a judgment of separation either for abandonment or neglect or refusal to provide exists. I find that the claimant is entitled to one-half of the net estate of the decedent, after the deduction of debts, administration expenses and estate tax if any.

The other objections to the account are disposed of as follows: Upon consent the claim of Jacob Eiferman is allowed in the sum of $41. The claim of Paquette and Postler is allowed in the sum of $122.50. The claim of John F. McKeon is allowed in the sum of $700. The claim of James Howe is dismissed. The real property of the decedent has been omitted from the account. The executor is directed to file an amended account to include the real property in Schedule A. Settle decision and decree accordingly.