CONSOLIDATED LAUNDRIES CORPORATION, Respondent, *v.* JOSEPH ROTH, Appellant.

First Department, April 13, 1934.

*Alvin C. Cass* of counsel [*Jacques W. Bacal* and *Louis J. Freda* with him on the brief; *Alvin C. Cass*, attorney], for the appellant.

*Walter R. Barry* of counsel [*Coudert Brothers*, attorneys], for the respondent.

O'MALLEY, J. The chief question presented is whether the justice presiding at a jury trial of framed issues in an action triable by the court, where such jury trial is not a matter of right, but one resting in the discretion of the court, has power to entertain a motion upon his minutes to set aside the jury's verdict. Contingently involved is the question of the right to appeal from the order. It is conceded by the appellant that if power is vested in the justice presiding at the jury trial, an appeal does not lie. (Civ. Prac. Act, § 609, subd. 2.)

Prior to the enactment of the Civil Practice Act, the procedure under consideration was covered by section 1003 of the Code of Civil Procedure, and rule 31 of the General Rules of Practice. Section 1003 of the Code of Civil Procedure reads as follows: " The provisions of this article, relating to the proceedings to review a trial by a jury, are applicable to the trial, by a jury, of one or more specific questions of fact, arising upon the issues, in an action triable by the court. But, except in a case specified in section nine hundred and seventy of this act, a new trial may be granted, as to some of the questions, so tried, and refused as to the others; and an

error, in the admission or exclusion of evidence, or in any other ruling or direction of the judge, upon the trial, may, in the discretion of the court which reviews it, be disregarded, if that court is of opinion, that substantial justice does not require that a new trial should be granted. Where the judge, who presided at the trial, neither entertains a motion for a new trial, nor directs exceptions, taken at the trial, to be heard at a term of the appellate division of the supreme court, a motion for a new trial can be made only at the term, where the motion for final judgment is made, or the remaining issues of fact are tried, as the case requires."

When the Civil Practice Act was enacted, the last sentence of section 1003 was omitted. Section 549 of the Civil Practice Act, however, provides for a motion for a new trial upon judge's minutes. Section 553 of the Civil Practice Act provides that where specific questions are tried by a jury in an action triable by the court, the provisions relating to the proceedings to review a trial by a jury by a motion for a new trial are applicable.

The report of the Joint Legislative Committee on the Simplification of the Civil Practice (1919), shows that there was no intention of changing the practice formulated by section 1003 of the Code of Civil Procedure. The footnote of the committee to section 568 of its report reads as follows: " (Code section 1003, first sentence and first clause of second sentence, without change of substance, omitting the reference to section 970. The second clause of the second sentence is omitted; covered by general clause providing that upon motion for a new trial upon appeal an error in a ruling of a trial court must be disregarded, if a substantial right of any party shall not thereby be affected. Last sentence included in separate rule, *ante*.) "

It is evident, therefore, that the last sentence of section 1003 of the Code of Civil Procedure was still to be retained, though to be covered by a rule of civil practice. The committee itself suggested such a rule (Rule 146 of the Rules of Court in the same report). This contains the last sentence of section 1003 of the Code of Civil Procedure without change of substance.

The Convention thereafter called for the purpose (Laws of 1920, chap. 902, as amd. by Laws of 1921, chap. 370) of adopting Rules of Civil Practice, did not adopt rule 146, as suggested by the legislative committee. Instead, it adopted rule 221 of the Rules of Civil Practice, the last sentence of which reads as follows: " If the motion for a new trial be made for the purpose of reviewing a trial by jury of one or more specific questions of fact, arising on the issues in an action triable by the court, the motion can be made only at the term where the motion for final judgment is made or the remaining issues of fact are tried, as the case requires."

It is argued by the appellant that rule 221 of the Rules of Civil Practice was intended to and did, therefore, change the practice so as to deprive the justice before whom the jury trial was had of the right theretofore vested in him to entertain a motion to set aside the verdict and for a new trial made upon his minutes. If such a radical change were intended, it is strange that no specific or general expression of such intention is to be found. The proceedings of the Convention, to which recourse properly may be had to determine the intention of the enactors (*Woollcott* v. *Shubert*, 217 N. Y. 212, 221), contain no such expression. There is found in the report of their proceedings (Report of Proceedings, New York State Library, Law Library, Albany, N. Y., p. 207), however, a motion whereby the caption of rule 221 as proposed was changed. The original caption before the Convention read " Case and exceptions on motion for new trial." This caption, of course, might furnish argument to the effect that the last sentence of rule 221 of the Rules of Civil Practice was to apply to all motions whether at Special Term or Trial Term. However, such caption on the motion of then Mr. Justice HARRINGTON PUTNAM, was changed to read as it now stands, " Motion for new trial at Special Term." As the Rules of Civil Practice were merely to be supplementary to the provisions of the Civil Practice Act, and as the provisions of the Civil Practice Act above referred to (Civ. Prac. Act, §§ 549, 553) give the justice presiding at the jury trial the right to entertain the motion to set aside the verdict and for a new trial upon the minutes, and since there is nothing affirmatively to show an intention to change the practice of long standing under section 1003, the respondent's contention that the last sentence of rule 221 of the Rules of Civil Practice applies only to such motions as are properly made at Special Term, and does not relate to motions made upon the judge's minutes, seems well taken. Its position has support in a decision at Special Term (*Friedman* v. *Friedman*, 122 Misc. 700), and in Carmody's New York Practice (Vol. 4, § 1445, p. 3318, and note 4 thereunder).

We are of opinion, therefore, that the justice before whom the jury issues were tried had full power to entertain the motion to set aside the verdict and direct a new trial on a motion made upon his minutes. Certainly no one would seem better qualified to pass upon such motion than the justice who had heard the testimony, As such order may not be appealed from (Civ. Prac. Act, § 609. subd. 2; *Carroll* v. *Bullock*, 207 N. Y. 567, 580; *Goldstein* v. *Goldstein*, 212 App. Div. 470), the appeal herein should be dismissed, with costs.

FINCH, P. J., MARTIN, TOWNLEY and GLENNON, JJ., concur.

Appeal dismissed, with costs.