In the Matter of the Judicial Settlement of the Estate of IRENE ARMOND, Also Known as IRENE ARMOND LONG, Deceased.

Surrogate's Court, Richmond County, July 13, 1940.

*Frank I. Smith,* for William S. Hart, public administrator of the county of Richmond.

*Tom Garrett,* for the surviving spouse.

*Sidney Jacobi,* special guardian.

BOYLAN, S.   The public administrator has made application for a judicial settlement of his account.   The husband of the deceased claims the estate as a sole distributee.   He, on application for administration, waived his rights and permitted the public administrator to administer the estate.   The special guardian has filed objections on the ground that the husband, under section 87 of the Decedent Estate Law, not only neglected and refused to support the deceased during her lifetime but also abandoned her.

At the hearing the husband testified they met where they were both employed and after an acquaintanceship of two years they were married in April, 1900.   The marriage was a secret one, the only persons having knowledge of it being the witnesses.   Following the ceremony they remained for a few days at a hotel in New York, and thereafter failed to live together or establish a home.   She

returned to her parents and he continued his prior life. In the succeeding five years, while he never asked her to live with him, he saw her often and used to call on her every Sunday. On one occasion she visited him when he was sick. After the marriage he gave her $500 to buy furniture but he thinks that she used the money for medical aid for her mother, to which he had no objection. In the ensuing period from 1905 until her death in 1938 he met her on only three occasions. He took her to Coney Island in 1906 and a short time later met her on a Staten Island street and again in a public conveyance but upon each of these latter occasions they did not speak, merely nodded to each other. In this interlude she supported herself entirely and he made no effort to get in touch with her or inquire as to her whereabouts. Included in his testimony was the fact that during all this period he had never heard from any attorneys nor consulted any attorney about getting a divorce, separation or annulment nor was there ever any separation agreement. Both kept strict silence as to their marriage, and only her death raised the veil of secrecy surrounding it.

Subdivision c of section 87 of the Decedent Estate Law in part provides that no distributive share of the estate of a decedent shall be allowable to a husband who has neglected or refused to provide for his wife. The evidence before this court fails to show any neglect or refusal by the husband to support his wife. There is no proof offered that the decedent expected or demanded support. There is no neglect or refusal to support where the wife never expects or demands it. The case of *City Bank Farmers Trust Co.* v. *Miller* (163 Misc. 459; affd., 253 App. Div. 707) held that the surviving husband of Marylin Miller, a successful actress, was not excluded from the right of election under section 18 of the Decedent Estate Law on the ground of neglect or refusal to provide for her. The court said (at p. 468): " True, O'Brien did not support his wife; in fact, she supported him and in addition gave him large sums of money. But it may hardly be said that there was neglect or refusal to support, where the wife never expected or demanded it."

Subdivision c of section 87 of the Decedent Estate Law further provides that a husband who has abandoned his wife is not entitled to a distributive share of her estate. This subdivision is similar to subdivision 4 of section 18 of the Decedent Estate Law, except that the problem involved, as in the case at bar, is one of intestacy. Subdivision 4 of section 18 of the Decedent Estate Law deals with a surviving husband's election to take his intestate share of his wife's estate in lieu of the terms and provisions of a will of his deceased spouse.

In *Matter of Stoltz* (145 Misc. 799, 800) the court said: " In construing subdivision 4 the purpose of the Legislature must be given effect. To this end the language employed together with the circumstances surrounding the enactment of the statute may be considered. (*Wiley* v. *Solvay Process Company*, 215 N. Y. 584, 588.)

" Section 18 of the Decedent Estate Law was enacted upon the recommendation of the Commission appointed by act of the Legislature (Laws of 1927, chap. 519) ' to investigate and recommend as to the advisability of a revision of the Real Property Law, the Personal Property Law, the Decedent Estate Law and the other statutes of this State as the Commission may deem advisable for the purpose of modernizing and simplifying the law relating to estates and the systems of descent and distribution of property, the advisability of establishing a unified system for the devolution of real and personal property, and to prepare proposed legislation for such purposes.'

" The note of the Commission appended to section 18 is helpful in so far as it was before the Legislature at the time of the enactment, and is indicative of the legislative intent. (*Lapina* v. *Williams*, 232 U. S. 78, 90; *Woolcott* v. *Shubert*, 217 N. Y. 212.) That part of the note which is pertinent to the instant case is as follows: ' The provisions of the section deny a right of election to either a widow or surviving husband in the following cases: * * * (c) where either husband or wife has abandoned the other or the husband has refused or neglected to provide for the wife. Such an abandonment or refusal or neglect to provide, is intended, as our courts uphold as sufficient to sustain a judgment of separation under section 1161 of the Civil Practice Act.' "

The Appellate Division of the Fourth Department, in *Matter of Sadowski* (246 App. Div. 490), held that the condition expressed by subdivision 4 of section 18 of the Decedent Estate Law, that " No husband who has neglected or refused to provide for his wife or has abandoned her shall have the right of such an election," was an expression by the Legislature of its intent to exclude from the benefits of the statute a husband against whom a judgment of separation could be sustained under the provisions of section 1161 of the Civil Practice Act.

The meaning of the word " abandonment " intended by the Legislature is the same as the meaning of the word used in subdivision 3 of section 1161 of the Civil Practice Act. As used in the statute, the word has exactly the meaning which is ascribed to it in the matrimonial litigations in this State. (*Matter of Green*, 155 Misc. 641; affd., 246 App. Div. 583.)

Speaking of subdivision 3 of section 1161 of the Civil Practice Act, the court in *Rush* v. *Rush* (202 App. Div. 299) said: " As used in our statute, the term ' abandonment ' ' contemplates a voluntary separation of one party from the other without justification, with the intention of not returning.' (*Williams* v. *Williams*, 130 N. Y. 193, 197.) " Where the wife consents to the separation there is no abandonment. (*Powers* v. *Powers*, 33 App. Div. 126.) To constitute abandonment, there must be desertion without consent. (*Matter of Stoltz*, 145 Misc. 799.)

The burden of showing that the surviving spouse is not entitled to his distributive share is upon those who assert the same. Once the status of a surviving spouse is established, the right to his distributive share presumptively attaches. (*Matter of Green*, 155 Misc. 641; affd., 246 App. Div. 583.)

It is difficult to appreciate how one can abandon a status or relationship which either never existed or if it did exist was terminated by mutual consent, express or implied.

As the facts before this court would not sustain a judgment of separation for abandonment against the husband and in favor of the decedent if living, it follows that the defense of abandonment has not been sustained.

The undertaker has filed a claim for the funeral bill which has been partially paid by the public administrator who claims that the amount paid is adequate and that the balance claimed is for additional services not ordered by him. After hearing, the court allows the undertaker's claim in full and directs the public administrator to pay the balance thereof.

Submit decree on notice in accordance with this opinion.