John J. Murphy and Another, as Administrators, etc., of Mary Elizabeth Murphy, Deceased, Respondents, v. The State of New York, Appellant. (Claim No. 25303.) — Judgment affirmed, with costs. All concur, except Crosby, P. J., and Taylor, J., who dissent and vote for reversal and for dismissal of the claim on the grounds as a matter of law there was no negligence upon the part of the State; as matter of law decedent was guilty of contributory negligence; and, in any event, decedent was at most a bare licensee. (The judgment awards damages for the death of claimant's intestate resulting by reason of dangerous condition of swimming beach.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of the Judicial Settlement of the Accounts of Charles A. White, as Administrator, etc., of DeWitt Crittenden, Deceased. Bessie Crittenden Watkins, Appellant; Atlas Tilford and Others, Respondents.— Decree reversed on the law, without costs of this appeal to any party, and a new trial granted. Memorandum: The burden of establishing abandonment rests upon the administrator. (*Matter of Green*, 155 Misc. 641; affd., 246 App. Div. 583; *Matter of Rechtschaffen*, 278 N. Y. 336.) The abandonment contemplated by subdivision (d) of section 87 of the Decedent Estate Law is such an abandonment as would be sufficient under section 1161 of the Civil Practice Act to maintain a judgment for separation on that specific ground. It does not appear from the record before us that the judgment of separation was based upon an abandonment. There was no other evidence offered. There is not sufficient evidence in the record to support a finding of abandonment. All concur. (The decree denies distribution of decedent's estate to his widow in a proceeding to settle the accounts of an administrator.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

In the Matter of the Application of Louis J. Marasco, Appellant, for an Order against Frank E. Morse, Acting Superintendent of the State Agricultural and Industrial School at Industry, New York, and Others, Respondents.— Orders affirmed, without costs. All concur, except Harris, J., who dissents and votes for reversal and granting the application on the ground that the appointment of petitioner after the establishment of an eligible list was in the nature of a permanent promotion. (See *Matter of Rasmussen*, 262 App. Div. 815; *Matter of Graae* v. *Ahern*, 258 id. 686; *Matter of Hilsenrad*, 284 N. Y. 445.) (One order dismisses the petition and the other order denies a motion to vacate the dismissal and for a reargument, in a proceeding to compel reinstatement of petitioner to his position at the State School at Industry and for a reargument of the matter.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.