## In the Matter of the Estate of JOHN CAMPBELL, Deceased.

Surrogate's Court, New York County, February 1, 1946.

*Jacob Zelenko* and *Morris Schmulbach* for Annie Branch, petitioner.

*Joseph B. Koppelman* for Jennie Campbell, cross-petitioner.

DELEHANTY, S. A sister of deceased petitioned for letters of administration on his estate. His surviving spouse then filed a cross petition for letters. The pleadings pose the issue whether the surviving spouse abandoned deceased. The original petitioner asserts that the surviving spouse forfeited all interests in deceased's estate by reason of said abandonment.

It is settled law that the burden of establishing abandonment is upon those who allege the fact (*Matter of Rechtschaffen,* 278

N. Y. 336). It is also settled law that abandonment under the statute is not proved by a mere showing that the parties to a marriage lived separate and apart from each other (*Matter of Maiden,* 284 N. Y. 429). In the case last cited the court said (pp. 432–433): " To constitute abandonment under this statute something more is necessary than a departure from the marital abode or a living apart. It is argued, however, that a *prima facie* case of abandonment is established by showing the departure from the marital home followed by the spouses living separately. To amount to abandonment the departure of a spouse from the marital home must be unjustified and without the consent of the other spouse. The reason for leaving is inseparable from the act. Human relations between spouses are so complex and influenced by so many circumstances, separations occur in so many instances with fault and without fault, with consent and without consent that we deem the conclusion of fault on the part of the person leaving the joint home too uncertain for inference alone."

While the excerpt just quoted is from a case dealing with section 18 of Decedent Estate Law, the rule stated is applicable to section 87 of Decedent Estate Law. The text of section 87 of Decedent Estate Law upon which reliance is placed by petitioner was part of the same legislation which first enacted section 18 of Decedent Estate Law. Both were new enactments. Both were recommended by the Commission to Investigate Defects in the Law of Estates. Both are found in chapter 229 of the Laws of 1929 drafted by that commission. The history of the legislation recommended by the commission is dealt with in *Matter of Green* (155 Misc. 641, affd. 246 App. Div. 583; motion for leave to appeal denied 270 N. Y. 675). *Matter of Green* (*supra*) was cited with approval in *Matter of Crittenden* (263 App. Div. 1063) in a case which confirms the view here stated that the same legal principles apply to issues under subdivision (d) of section 87 of Decedent Estate Law, as to issues under section 18 of that Law.

In an effort to meet the burden imposed upon her the sister of deceased called various witnesses who were asked to testify to declarations of deceased to them respecting his marital relations with his surviving spouse and respecting the causes for their separation. All of this was tendered on the theory that the declarations of deceased, if received, would establish that the separation was without fault on his part and that it was due to a willful disregard of her marital obligations by the surviving spouse. All of the tendered proof was excluded on proper objec-

tion. The statements of deceased on the subject were pure hearsay and not receivable.

Having failed to present from the mouths of friendly witnesses any evidence in support of the alleged abandonment the original petitioner called the cross-petitioning spouse and developed that she had been convicted on her plea of guilty to the crime of bigamy apparently committed by her in the year 1933 or 1934. This witness said respecting the separation which had occurred in 1927 between her and deceased that he had failed to support her, that he drank heavily and abused her and that the household goods in her and deceased's home had been removed by a sister of deceased without the consent of the spouse. From an employer of deceased the original petitioner developed the fact that the deceased took a job as janitor of a building owned by the employer and that he lived there for many years with a woman other than the surviving spouse. This woman, identified only by the name " Julia ", is euphemistically described as deceased's common-law wife.

If the testimony of the cross-petitioning spouse is credited, it is shown affirmatively on petitioner's proof that deceased abandoned his wife and failed to support her. If the testimony of the employer of deceased is credited, it is obvious that deceased could not have secured affirmative relief in any action for a separation against his surviving spouse if she chose to defend the action. It may equally be the case that she, the surviving spouse, could have got no affirmative relief against deceased but that fact is immaterial under the decided cases (*Matter of Green,* 155 Misc. 641, *supra*). So, too, is it immaterial that the surviving spouse was convicted of bigamy. She could commit bigamy while living in the same matrimonial domicile with deceased. Such happenings are matters of common knowledge but the fact is without relevance to the question of abandonment which is the sole test to be applied.

On the entire record petitioner has shown no disability on the part of the surviving spouse to take letters. Accordingly letters must issue to the cross-petitioner.

Submit, on notice, decree accordingly.