Van Voorhis, J.
Petitioner applies for an order in the nature of mandamus to compel the Municipal Civil Service Commission of the City of New York to place his name on a special military eligible list for the permanent position of City Medical Officer, in accordance with the provisions of subdivision 7 of section 246 of the Military Law, in the original order of standing. Before entering the armed forces of the United States, he stood No. 19 on an eligible list for that position, after having passed a competitive examination. That list expired on April 28, 1946. The statute (L. 1945, eh. 215, as amd. by L. 1946, ch. 589) invoked by petitioner provides: “ Any person whose name is on any eligible list shall, while in military duty, retain his rights and status on such list. If the name of any such person is reached for certification during his military duty, it shall be placed on a special eligible list in the order of his original standing, provided he makes request therefor following termination of his military duty and during the period of his eligibility on such list. Such list shall be certified before certification shall be made from a subsequent eligible list for the same position. Such names shall remain on such special eligible list for a period of two years after the termination of such military duty.”
It appears from the affidavit of the president of the Municipal Civil Service Commission that, while petitioner was in the military service and during the life of the list, the two men who followed him upon the eligible list for City Medical Officer, standing Nos. 20 and 21, were certified “ for the temporary position of Medical Officer (Fire Department).” The said affidavit continues by stating that, in consequence of having been reached for temporary appointment, “ after his discharge from military service, the petitioner’s name was placed upon a special eligible list for such temporary position ” (italics supplied).
There is, of course, no provision in the Civil Service Law for the establishment of such a temporary eligible list in contradistinction to a permanent list. There is only one list at a time, under the law, and it is provided by subdivision 3 of section 15, that temporary appointments are to be made from the same list as permanent appointees. Where the temporary, appointment is for a period not to exceed one month, “ the *374 appointing officer may select for such temporary service any person on the proper list of those eligible for a permanent appointment without regard to his standing on such list.”' If, however, an appointment is made to substitute for a regular employee who is on leave of absence for not exceeding one year, a “ temporary ” appointment may likewise be made for that purpose and for such duration, in which event, “ it shall be made by the selection of one of the three persons standing highest on an appropriate eligible list, who are willing to accept such temporary appointment.” If the temporary appointments of the two men following petitioner on the eligible list were of the latter character, as they well may have been, in order to substitute for regular employees who had entered the military service, then it is manifest that petitioner was reached for certification inasmuch as the said temporary appointees would have had to have been selected from among the next three persons standing highest on the list.
In order to determine whether that is what occurred, the order appealed from should be modified so as to be in the nature of an alternative mandamus. At the same time, the question can be tried whether the appointments of the men standing behind petitioner on the list were really temporary or whether they ripened into permanent appointments by being retained in service beyond the expiration of the limited temporary periods specified in the statute. Although a temporary appointment' cannot ripen into a permanent one unless the appointee is eligible for permanent appointment, due to standing among the first three upon the list (Matter of Hilsenrad v. Miller, 284 N. Y. 445), it is otherwise where the appointee possesses such eligibility (Marasco v. Morse, 22 N. Y. S. 2d 315 [not officially reported], affd., 263 App. Div. 1063, affd., 289 N. Y. 768). That was the case with Nos. 20 and 21 on this list, due to petitioner’s absence in military service, and, if they were truly named for permanent duty, then for that reason also petitioner would have been reached for certification under subdivision 7 of section 246 of the Military Law.
The order appealed from should be modified by granting an alternative order so as to provide for a trial of those questions, with $20 costs and disbursements to appellant to abide the event.
. Glennon, Dore, Cohit and Peck, JJ., concur.
Order unanimously modified by granting an alternative order in accordance with opinion, with $20 costs and disbursements to the appellant to abide the event. Settle order on notice.