In the Matter of the Will of NELLIE R. SMITH, Deceased.

Surrogate's Court, Monroe County, September 10, 1947.

*Nathan Relin* for Frederic T. Smith, petitioner.

*Arthur V. D. Chamberlain* for Agnes L. Bauman, executrix, respondent.

WITMER, S. The testatrix died on April 25, 1947, leaving a will dated January 3, 1941, which has been admitted to probate, the second paragraph of which provides as follows: "In view of the fact that my present husband Fred Smith has neglected to provide for me during the greater part of our married life, and in view of the fact that I have not only earned money and paid for my own support and maintenance but also during the most of our married life have contributed to his support, I make no provision for him in this my last will and testament whatever."

The petitioner is the "Fred Smith" named in said paragraph. He has filed an election to take against the will and has petitioned the court under section 145-a of the Surrogate's Court Act to determine his right of election. He also asks the court to declare his right to the exemptions of a surviving spouse. The executrix resists the application under subdivision 4 of section 18 and subdivision (c) of section 87 of the Decedent Estate Law and section 200 of the Surrogate's Court Act, on the ground that petitioner neglected or refused to provide for the testatrix in her lifetime. It appears, therefore, that the issue is the belated one of whether or not the testatrix was entitled at her death to a decree of separation from petitioner. (*Matter of Sadowski,* 246 App. Div. 490, 494.) The beneficiaries of the will were cited herein but made no formal appearance, although they did testify for the respondent. The proof shows that petitioner married the testatrix in 1909, from which marriage one child, an incompetent, was born before World War I. The testatrix had four children by a previous marriage. She was eight years older than the petitioner. The evidence that petitioner was far from a model husband is strongly supported by paragraph "Second" of testatrix' will quoted above. Nevertheless, the testatrix could not deprive her spouse of his rightful intestate share in her estate by a statement that he was not entitled to it; and we are **remitted to the proof of the facts of the marriage relationship.**

It is clear that petitioner abandoned testatrix in Rochester before and during World War I, and that she could have obtained a decree of separation from him at that time had she attempted to do so. During this period she took boarders to support herself and family, and continued to do so to some extent for years thereafter. In some manner she accumulated this estate in excess of $10,000. In the early 1920's petitioner returned to live with the testatrix. He worked quite steadily thereafter for over ten years. During all of this period and since, he used intoxicants to excess, and the testatrix found it necessary to meet him weekly at his place of employment and get his pay envelope to save him from squandering his pay before he would get home. During the early and middle 1930's petitioner was out of work and for three years he lived in Rochester at the MacSweeney Hotel (for homeless men) and at the Salvation Army quarters. He claims that testatrix ordered him out of her home at that time because of his failure to have a job. There is insufficient proof to show whether testatrix at that time could have been successful against petitioner in an action for separation. (*Garlock* v. *Garlock,* 279 N. Y. 337, 340; *Wirth* v. *Wirth,* 184 App. Div. 643; *Matter of Chandler,* 175 Misc. 1029, 1034; *Matter of Stolz,* 145 Misc. 799.)

The petitioner then returned to live with the testatrix and thereafter lived with her until her death. In 1937, at the age of sixty-five years, he began working regularly and continued for a year and a half. In 1939 and 1940 he was unemployed, but drew social security and unemployment insurance benefits and received several hundreds of dollars from his relatives abroad for his assistance. He was arrested for intoxication about the time that he received some of this money. He worked for a tool company a short time in 1941. In 1942 he went to work for another tool company and continued there until 1945. In 1943, at the age of seventy-one years, his wages amounted to $1,787.52, and in 1944 to the sum of $1,424.46. He worked three or four months in 1945, and thereafter drew unemployment insurance and social security benefits. The amount of social security received from then until his wife's death was $23.29 per month for petitioner and $11.65 per month for the testatrix. The testatrix suffered an injury a few years prior to her death which made her virtually an invalid, and there is evidence that she asked petitioner to quit work in 1945 and care for her.

There is no evidence that petitioner's earnings and benefits since 1940 were not used for the support of the testatrix as well as himself, except the proof of his habitual drinking when he could get intoxicants. There is evidence that he was lazy around the house and would do no more work than necessary, and that he frequently used abusive language to his wife. However, those elements alone, coupled with frequent excessive drinking, are insufficient to support a decree of separation. (*Straub* v. *Straub,* 208 App. Div. 663.)

A surviving spouse is presumptively entitled to elect to take against a will and to take the statutory exemptions, and the burden of proof is upon those who deny that such right exists. (*Matter of Green,* 155 Misc. 641, affd. 246 App. Div. 583; *Matter of Barc,* 177 Misc. 578, affd. 266 App. Div. 677; *Matter of Guggenheim,* 180 Misc. 833; *Matter of Chandler,* 175 Misc. 1029, *supra*; *Matter of Armond,* 174 Misc. 486.) Respondent, therefore, has the burden of proving that the testatrix was entitled to a decree of separation from petitioner at the time of her death.

Although the testatrix may have been entitled to a decree of separation prior to 1937, or as late as 1940, she made no effort to obtain it, and apparently did not want it, for she took petitioner back and lived with him as husband and wife until her death. By April, 1947, any cause of action which she may have had arising prior to 1940 was lost to her by lapse of time. (*Brauch* v. *Brauch,* 142 Misc. 464.) Respondent, therefore, must stand on the marital situation in the subsequent years of testatrix' life, during which time petitioner cohabited with her. No question of abandonment is presented, therefore, but only the question of whether the petitioner neglected or refused to provide for his wife.

Petitioner worked and received good wages during part of the year 1942 and in the years 1943, 1944 and part of 1945, at a time when he was between seventy and seventy-five years of age; and thereafter he received unemployment and social security benefits. Although he drank excessively, there is no proof that most of his earnings were not devoted to the support of his home. The testatrix' bankbooks show almost no withdrawals during these years, and presumably petitioner supported her. It should be noted that the period under discussion postdates the will. For the last year or two of testatrix' life petitioner did not work. His age and the need of testatrix for his care are plausibly claimed as reasons therefor. Under such circumstances it cannot be said that peti-

tioner neglected or refused to provide for his wife. The inability of petitioner to support the testatrix during such time is not a ground for separation. (See *Garlock* v. *Garlock,* 279 N. Y. 337, 340, *supra.*)

The field of the law of marital separations has been highly productive of legal opinions. It is significant, therefore, that respondent has been unable to cite a case in which the parties have continued to live together as husband and wife, where a decree of separation has been granted on the sole ground of the neglect or refusal to provide for the wife. It is true that in a proper case the law provides for a separation although there has been no abandonment. (Civ. Prac. Act, § 1161, subd. 4.) It must be, however, a rare situation in which a separation will be granted where the wife has taken back her husband and is cohabiting with him. (See *City Bank Farmers Trust Co.* v. *Miller,* 163 Misc. 459, 468.) Although the fact of cohabitation does not constitute condonation by the wife as a matter of law, there arises therefrom a strong inference, if not a presumption, that she has thus condoned his offenses. (*Matter of Chandler,* 175 Misc. 1029, 1031, *supra.*)

Let it not be understood that this court is condoning the conduct of petitioner, which in many ways has been despicable. Rather, it is the testatrix who is deemed herein to have condoned her husband's offenses. Respondent has failed to sustain the burden placed upon her by the law to defeat the presumptive right of a surviving spouse. Her objections to the petition are therefore dismissed, and the application is granted in both respects.

Submit decree accordingly.