In the Matter of the Estate of PRISCA C. BOOTH, Deceased.

Surrogate's Court, Monroe County, March 18, 1949.

*Joseph Whittaker* for Raymond C. Booth, as administrator of the estate of Prisca C. Booth, deceased, petitioner.

*William B. Hanks* and *Leo J. Rice* for Priscilla I. Gillis and another, respondents.

WITMER, S.  Decedent died on November 28, 1948, and petitioner as the surviving spouse was appointed administrator of her estate.  On January 3, 1949, he instituted this proceeding against his two daughters, the respondents, to discover certain personal property which he alleged belongs to this estate. Respondents have answered, and as distributees have asked the court to consider the removal of petitioner under subdivisions 1 and 2 of section 99 of the Surrogate's Court Act before hearing petitioner's application.  They ask petitioner's removal as administrator upon two grounds, first, that he had neglected and refused to provide for his wife and had lost his right to a distributive share in her estate by virtue of subdivision (c) of section 87 of the Decedent Estate Law, and second, that as administrator he has been using estate assets for his personal and private convenience and benefit to the detriment of the estate.

The evidence shows that for at least fifteen years prior to decedent's death petitioner failed to support her.  He admitted that during that time he bought no food for her or his family, although he was able-bodied during this period.  He claims to have devoted most of his time to a trivial invention which never paid off; but it also appears that he earned some funds over a period of nearly a year and a half in the years 1944 and 1945 as commissions in the sale of real estate, and subsequently made a profit of a few thousand dollars on the sale of a parcel of real estate.  Nevertheless, he used none of these funds to buy food for his wife.

The deceased supported herself, the respondents and petitioner by operating a beauty salon, and by certain other business endeavors.  She purchased a home and, by reason of representations made by petitioner to her that in view of her business it would be for her protection, she put the title to the home in petitioner's name, and he now owns it.  She repeatedly urged petitioner to buy food and clothing for herself and family and generally to support her.  She made these requests during the years immediately prior to the winter of 1948, as well as on earlier occasions.  Although petitioner had some funds available to his use during this period he failed to support the decedent.

During this same time he was a tyrant in his own home. He frequently would turn off the furnace and the gas and electricity in the home when his wife was preparing the evening meal and would leave the house for the evening after making such threats that none of the family dared to turn them on again. As a result the deceased and others in the house at the time would have to leave and secure their meal elsewhere. After the wife would leave for work the next day, petitioner would turn on the heat, gas and electricity in the house for his own daytime comfort therein. Petitioner has not attempted to deny this conduct.

As a result of petitioner's said acts and failure of support, early in 1948, decedent left her home, and acquired another home where she lived apart from petitioner until her death later in the year. Petitioner in no way contributed to her support during this period. He claims, in testimony received without objection, that he saw her twice shortly before her death and that he and she were in substantial agreement about resuming marital relations in the near future. The fact remains, however, that they had not resumed such relations at her death; and in view of the unreliability of petitioner's testimony as repeatedly established during the course of the trial little credence is given to his claim of an impending reconciliation.

It is observed, incidentally, that petitioner showed much more concern about his wife's affairs after her death than before. Despite the state of his relations with her, within four days of her death he secured his appointment as administrator of her estate.

The request for removal of petitioner on the ground that he has no interest in the estate will be considered first. The Decedent Estate Law (§ 87, subd. [c]) provides that " No distributive share of the estate of a decedent shall be allowed * * * to a husband who has neglected or refused to provide for his wife, or has abandoned her ". It has been held that this failure to provide or abandonment means such as would be sufficient for the offended spouse to secure a judgment of separation on such grounds under section 1161 of the Civil Practice Act. (See *Matter of Maiden,* 284 N. Y. 429; *Matter of Crittenden,* 263 App. Div. 1063; *Matter of Sadowski,* 246 App. Div. 490, 494.) We are reduced, therefore, to a belated trial of a separation action. (*Matter of Barc,* 177 Misc. 578.) Of course, if the offended spouse had a right to a judgment of separation on certain grounds permitted under section 1161 of the Civil

Practice Act, as for example, cruelty, which is not a basis for depriving petitioner of his distributive share under subdivision (c) of section 87 of the Decedent Estate Law, such right could not be asserted as a ground for defeating the surviving spouse's right to share in the estate. (*Matter of Erzinger,* 183 Misc. 806; see *Matter of Wagner,* 174 Misc. 203, 205–206.) Such conduct on the part of petitioner in this case, however, has a bearing in considering the reasons for decedent's departure from her home. It shows that she was not guilty of abandoning petitioner (see *Matter of Maiden,* 284 N. Y. 429, *supra*; *Matter of Campbell,* 186 Misc. 842; *Matter of Barc,* 177 Misc. 578, 581, *supra*; *Matter of Weinberg,* 75 N. Y. S. 2d 138), and that he was not therefore relieved of his duty to support his wife. (Cf. *Mirizio* v. *Mirizio,* 242 N. Y. 74; *Matter of Smith,* 190 Misc. 285, 289.)

Although petitioner attempted at first to prove that he supported his wife, he later virtually abandoned the attempt, and claimed that his wife excused him from supporting her. The court is familiar with the line of cases which protect a surviving husband from the operation of the statute where it is not shown that the deceased wife expected and asked for support. (*Manufacturers Trust Co.* v. *Gray,* 278 N. Y. 380; *Matter of Smith,* 190 Misc. 285, 287, *supra,* and cases cited therein.) This is not such a case. The salutary rule that a husband need not support his wife outside of his home does not apply here any more than it would in a case where the wife is in a hospital or a convalescent home. The court finds that the deceased repeatedly asked petitioner to support her and demanded that he do so, and never released him or excused him from such obligation. The fact that she worked to support herself and family to keep off the relief rolls cannot be used by petitioner as a sufficient defense herein. Decedent was entitled to a judgment of separation from petitioner on the grounds of cruelty and neglect and refusal to provide for her at the time she left petitioner early in 1948. Thereafter petitioner made no effort to see decedent or to have her return to him, and he continued to neglect and refuse to provide for her to the day of her death. Respondents have amply sustained their burden of proof. The deceased's right to a judgment of separation from him on the ground of his neglect and refusal to provide for her continued to the time of her death. Petitioner, therefore, has no right to a distributive share in this estate, and has no right to administer it.

It thus becomes unnecessary to pass upon the second ground of the application to remove petitioner, to wit, because of misuse of estate assets. It is observed, however, that the frequent use by petitioner of the estate automobile for his private business, as was established, was improper, and would be justification for his removal as administrator, if he otherwise were entitled to act.

Submit decree revoking letters of administration heretofore granted to petitioner, and requiring him to account for his acts as administrator within twenty days after due service upon his attorney herein of a copy of such decree with notice of entry.