In an administration proceeding brought in the Surrogate’s Court, Kings County, objeetant, the widow of decedent, appeals from a decree of said court awarding letters of administration to petitioner, a daughter of decedent. Decedent died in this State on Hovember 11, 1949. Appellant contended that at the time of nis death decedent’s domicile was in the State of Connecticut, and that he left a valid last will and testament, executed in that State in 1948. The Surrogate found that decedent abandoned his domicile in the State of Connecticut on July 2, 1949, and died a resident of the State of Hew York; that the purported will executed in 1948 was revoked by the execution of a later will in 1949, which specifically revoked all prior wills; that said later will cannot be found, after due diligence, and that decedent died intestate; and that a decree of a Connecticut Probate Court admitting the 1948 will to probate is not conclusive as to execution or domicile. Appellant’s attorney had conceded before the Surrogate that such decree, under the laws of the State of Connecticut, was merely an administrative act, and not a binding judgment. Appellant further contended that in any event she was entitled to letters of administration, as decedent’s widow, as against petitioner. On this issue, the Surrogate found that appellant had abandoned decedent prior to his death. Decree of the Kings County Surrogate’s Court reversed on the law and the facts, without costs. In our opinion, the learned Surrogate correctly decided that decedent died a resident of the State of Hew York (cf. Matter of Newcomb, 192 H. Y. 238) and that decedent died intestate. (Cf. Matter of Cameron, 47 App. Div. 120, affd. 166 H. Y. 610; Decedent Estate Law, § 41.) However, the record does not disclose facts sufficient to sustain the finding that appellant *894 abandoned decedent prior to his death. The abandonment contemplated by subdivision (d) of section 87 of the Decedent Estate Law is such an abandonment as would be sufficient, under section 1161 of the Civil Practice Act, to sustain a judgment of separation on that ground. (Matter of Grittenden, 263 App. Div. 1063; Matter of Maiden, 284 1ST. Y. 429, 432; Matter of B.arc, 177 Mise. 578.) On the record presented, therefore, appellant has a right to the issuance of letters of administration, prior to that of petitioner. (Surrogate’s Ct. Act, § 118.) The matter is remitted to the Surrogate’s Court for such proceedings as may be necessary and proper, not inconsistent with the foregoing. Nolan, P. J., Carswell, Johnston and Sneed, JJ., concur; Adel, J., concurs in the result.