(March 11, 1953.)

In the Matter of the Estate of MARY G. MEAD, Deceased. LOUIE E. MEAD, Respondent; MARY J. GRAHAM, as Administratrix of the Estate of LAWRENCE W. GRAHAM, Deceased, Appellant.—Decree affirmed, without costs of this appeal to either party. Memorandum: We do not find petitioner's [respondent's] failure, before he applied for letters of administration, to pay the State for the hospitalization of his wife to be the neglect or abandonment under section 87 of the Decedent Estate Law, which deprives him of a distributive share of the estate of his decedent wife. The fact that petitioner had instituted an action for annulment is not in itself an abandonment, nor does it *ipso facto* indicate that he would decline to assume the burden of support should the court deny him his relief. The evidence is insufficient to indicate his refusal to assume any obligations imposed upon him by the State hospital, particularly when it is noted that the hospital, until after this proceeding was instituted, had not determined the monthly charge for the incompetent's care, much less billed her husband for the same. Whatever may have been the intentions of the petitioner as concerns his martial status before his wife's demise, his application for letters of administration indicates not only his waiver of his right to question the validity of his marriage, but also an implied determination and assent to assume whatever burdens might be imposed upon him for the care of his wife. We do not believe we should inquire into why the petitioner abandoned his matrimonial action. Further, the test as to what constitutes abandonment, neglect or refusal to support under either section 87 of the Decedent Estate Law or its sister section (§ 18) is that abandonment or neglect as would be sufficient under section 1161 of the Civil Practice Act to sustain a judgment for separation upon either ground. (*Matter of Maiden,* 284 N. Y. 429; *Matter of Christesen,* 277 App. Div. 893; *Matter of Crittenden,* 263 App. Div. 1063; *Matter of Sadowski,* 246 App. Div. 490; *Matter of Booth,* 194 Misc. 697; *Matter of Barc,* 177 Misc. 578.) Measured by this test, it is clearly apparent that the alleged neglect, refusal to provide, or abandonment charged by the objectant was not that which prevents the petitioner from sharing in his wife's estate. The decree should be affirmed. All concur, except Piper, J., who dissents and votes for reversal in the following memorandum: From the time decedent was sent to the State hospital and until her death, petitioner-respondent refused to pay any sum towards her expenses or support. He instituted an annulment action against her for the purpose of avoiding his duty as a husband to support his wife. Only after her death and after the first hearing before the Surrogate did he pay the hospital bill. It is clear that he made this payment so he could benefit from her estate. At the time the objections were filed petitioner-respondent had failed to support his wife for a period of nineteen months. At that time he was not entitled to take any of his deceased wife's property under the statute. I think the payment he made of the hospital bill some time thereafter could not change his status, that the decree should be reversed and the petition denied. (Appeal from a decree appointing Louie E. Mead as administrator of decedent's estate.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.