Paul Fromer, S.
This is an application to vacate a decree made by the Surrogate’s Court of Greene County on the 7th day of October, 1955, directing the issuance of limited letters of administration to Edward P. Burns, upon the estate of Lucille Burns, deceased.
The facts in this proceeding are undisputed. Edward P. Burns was legally married to the decedent, Lucille Burns, and that there was issue of said marriage, an infant, Barbara E. Burns. Edward P. Burns was not living with his wife, Lucille Burns, and his daughter at the time of her death and had not been living with her some time prior thereto. That she and the infant child were maintained in the home of her father, Richard J. McDermott. That Lucille Burns died as a result of injuries received when the car in which she was riding was struck by a locomotive at a crossing in the town of Catskill, Greene County, New York, and that a cause of action exists pursuant to article 5 of the Decedent Estate Law. It was for the purpose of bringing an action by the husband and father, Edward P. Burns, that an application was made for limited letters.
In the records of the Children’s Court of the County of Greene, there is an order directing Edward P. Burns to contribute to the support of his wife and child. Pursuant to that order payments were regularly made between May 14, 1955 and August 30, 1955. It also appears that some time prior to the date of that order that Edward P. Burns was in the military *409 service and while in the service a mandatory allotment was made for the decedent and the infant child.
It further appears in the motion papers before the court in the answer interposed herein, in behalf of the respondent, that on August 10, 1955, application was made for an allotment by Edward P. Burns under the Veterans’ Program of Education and Training, he being enrolled in a school for male nurses. That between the date of August 30, 1955 and the date of death of Lucille Burns, she had received no contribution from the respondent, Edward l’. Burns, or from the Veterans’ Administration.
There is but one issue, did Edward P. Burns abandon the decedent prior to her death within the provisions of subdivision (c) of section 87 of the Decedent Estate Law so that he is not one of the parties entitled to letters under section 118 of the Surrogate’s Court Act. The courts have uniformly followed the rule that there has been abandonment where the party would succeed if an action had been brought for separation under section 1161 of the Civil Practice Act. The courts have held that abandonment under the statute is not proved by a mere showing that the parties to the marriage lived separate and apart from each other. (Matter of Campbell, 186 Misc. 842.) Under Warren’s Heaton on Surrogates’ Courts (Abandonment of spouse, § 152, par. 3, subd. [c]) there is no question that the law is definite that if there has been an abandonment within the provisions of section 87 of the Decedent Estate Law, the husband has no right to the limited letters of administration but in this case, in the opinion of the court, there was no abandonment by respondent within the provisions of said section at the time of her death.
They were not living together. An action for an annulment of marriage had been instituted but no final determination had been made prior to her death. The respondent, to whom limited letters of administration had been issued, had provided even though it was by an order of the court for her support and the support of the infant within his ability and he had made application for an allowance through the Veterans’ Administration for the support of decedent and his infant daughter.
In that the court finds there was no abandonment within the provisions of the statute, petitioner’s application is denied and the limited letters are to remain in force and effect.