Lawrence H. Cooke, S.
Two petitions for letters of administration have been submitted, one by Anna Schinzing, decedent’s widow, and one by Albertine Holder, a sister. The proceedings in relation to each of said applications have been consolidated by consent.
Under section 118 of the Surrogate’s Court Act a surviving spouse of an intestate is entitled prima facie to letters in preference to any other person (Matter of Wagner, 174 Misc. 203). Here, the sister has objected to the issuance of said letters to the petitioner Anna Schinzing contending: (1) that she is not the widow of decedent, and (2) that she abandoned the decedent. No proof has been advanced to substantiate the first objection as to not being the widow and apparently that objection is not pressed.
The burden of establishing abandonment is and remains at all times upon those asserting it (Matter of Rechtschaffen, 278 N. Y. 336, 338; Matter of Maiden, 284 N. Y. 429, 431).
If a wife is guilty of such conduct as to amount to abandonment as provided in section 87 of the Decedent Estate Law she would not be entitled to such letters, inasmuch as she would not be entitled to share in the estate (Matter of Reif, 64 N. Y. S. 2d 803; Matter of Feciuch, 21 N. Y. S. 2d 424). Said section 87 provides in part “ No distributive share of the estate of a decedent shall be allowed under the provisions of this article either * * * (d) or to a wife who has abandoned her husband The abandonment contemplated by said subdivision of said section is such as would be sufficient under section 1161 of the Civil Practice Act to maintain a judgment for separation on that specific ground (Matter of Crittenden, 263 App. Div. 1063; Matter of Christesen, 277 App. Div. 893; Matter of Mead, 281 App. Div. 943, affd. 306 N. Y. 878).
In Matter of Maiden (284 N. Y. 429, supra) the Court of Appeals held at pages 432-433: “To constitute abandonment under this statute something more is necessary than a departure from the marital abode or a living apart. It is argued, however, that a prima facie case of abandonment is established by showing the departure from the marital home followed by the spouses living separately. To amount to abandonment the departure of a spouse from the marital home must be unjustified and without *663 the consent of the other spouse. The reason for leaving is inseparable from the act. Human relations between spouses are so complex and influenced by so many circumstances, separations occur in so many instances with fault and without fault, with consent and without consent that we deem the conclusion of fault on the part of the person leaving the joint home too uncertain for inference alone.”
Referring to said decision, it was stated in Matter of Barc (177 Misc. 578, 581): “ The result of this pronouncement by the ultimate appellate authority of the State clearly establishes the rule that in order to attain a determination that a surviving spouse has forfeited the right to elect against the will of a decedent spouse under subdivision 4 of section 18 of the Decedent Estate Law, or to participate in the intestate inheritance of his estate under subdivision (c) of section 87, by reason of alleged abandonment, those contending for such a result must demonstrate, first, that departure from the other spouse actually occurred; second, that it was without the consent of the one left behind; and, third, that it was ‘ unjustified,’ in other words, that it did not occur in consequence of the fault of the person abandoned.” (See, also, Matter of Goldfein, 128 N. Y. S. 2d 852, 854; Matter of Peist, 135 N. Y. S. 2d 686; Matter of Buczek, 80 N. Y. S. 2d 254; Matter of Casey, 51 N. Y. S. 2d 55; Matter of Schafer, 278 App. Div. 608; Matter of Weinberg, 75 N. Y. S. 2d 138.) While there is evidence here from which it can be inferred that decedent and his wife lived separate and apart from 1945 until his death in 1955, no proof has been offered here as to the circumstances surrounding the physical separation of the husband and the Avife. What is more important, no evidence has been submitted to show that the departure was unjustified on the part of the wife and without the consent of the decedent husband.
Considerable proof has been submitted which, to say the least, arouses one’s suspicions concerning the relationship of the wife with another man during a period of time about three or four years prior to decedent’s death but several years after the husband and wife started living in separate abodes. If said suspicions are justified, approval is not given to the wife’s conduct but we are met by the well-established rule of law that the right to share in the estate of a deceased is secured to every wife, even an adulterous one (except where there was a dissolution of the marriage as provided in Decedent Estate Law, § 87), who is not guilty of abandonment. (Matter of Seidel, 45 N. Y. S. 2d 487; Matter of Green, 155 Misc. 641, affd. 246 App. Div. 583, motion for leave to appeal denied 270 N. Y. 675. See, also, Matter of Campbell, 186 Misc. 842, 844.)
*664 It should be clear that, under the law and up to this point, proof of abandonment was not shown. However, proof was submitted, definitely in one instance and more vaguely in three instances, of four items of correspondence sent or caused to be sent by decedent in 1954 to the widow, the general substance of which was that he was ill, that he was in need of money, that he desired that certain bonds be sent to him, as to why she didn’t write and as to why he didn’t hear from her. While the widow denies receiving three of these letters and even if her version in this regard is discounted, it is obvious, in view of the law, that the sending of these letters did not constitute or ripen into an abandonment without proof as to whether or not the departure in the first instance was justifiable or not or was with consent or not. As a matter of fact, no reason has been given for the departure. It is conceivable that the wife had a right to separate and to remain separate and apart from the husband or that the husband consented but no proof has been given on these crucial matters.
The rule of law in reference to an offer or consent to return is not applicable to the facts in this case because, in the first place, the contents of the letters do not amount to or even refer to an offer of reconciliation and, secondly, they were not made within a reasonable time after the departure or absence of one spouse from the other (Bohmert v. Bohmert, 241 N. Y. 446, 452-453).
There may have been an abandonment but none has been proved. While one might be tempted to hold against the wife and deny her letters because of her conduct, the right to do so under the law is not given here, based on the proof in this proceeding.
Petitioner Holder, decedent’s sister, has not met her burden of showing abandonment and letters should issue to the widow upon her qualifying pursuant to law. The widow is directed to file a bond in the sum of $3,000.
This determination is without prejudice to the rights of the parties as to distribution and upon final accounting, at which time proof again may be submitted on the question of abandonment, if so desired.
Submit decree.