In the Matter of the Estate of WINIFRED S. O'DWYER, Deceased.

Surrogate's Court, New York County, January 6, 1934.

*William L. Rumsey*, for the petitioner.

*Francis J. Mahoney*, for the respondents.

DELEHANTY, S. Deceased left a will making no provision for her husband, who survived her. He elected to take against the will. Some controversies originally existed as to the service of his notice of election but these are now eliminated since counsel for the estate concedes the receipt of such notice. A notice for the examination of certain persons as adverse parties was served by the successor in interest to the surviving spouse and they now move to vacate this notice. The issue thus presented necessitates consideration of the extent to which the court's discretion will be exercised in permitting an examination of adverse parties on matters in respect of which such parties have the burden of proof.

One of the exceptions to the right of election secured to a surviving spouse by section 18 of the Decedent Estate Law is stated in subdivision 4 of that section, which provides: " No husband who has neglected or refused to provide for his wife, or has abandoned her, shall have the right of such an election." In the instant case the husband survived his wife only a short while and this court is con-

fronted with the situation that the sole beneficiary under the will of the surviving spouse is seeking to enforce the election which the spouse made against the will of his wife. In denial of the right of election claimed by the surviving spouse while he lived, the representatives of the estate of this decedent assert the invalidity of the election by reason of the exception contained in the above-quoted subdivision of the Decedent Estate Law. The court must, therefore, try the equivalent of a matrimonial action for a separation though both of the persons who would be parties if living to such an action are now dead.

The applicant for the preliminary examination here in issue asserts its lack of knowledge of the facts which enter into the determination of the eventual issue to be determined and there seems to be no doubt that in its situation it can have no knowledge of the family life of the now deceased husband and wife.

The right of examination before trial is customarily granted to the party who has the burden of establishing the affirmative of the matter in respect of which the examination is sought. In dismissing an appeal and in refusing to answer a question certified to it which was deemed by counsel and the lower court to be determinative of the right to an examination before trial, the Court of Appeals (*Public National Bank* v. *National City Bank*, 261 N. Y. 316) said: " Evidently the courts below, in the case now before us, have allowed a practice, governing the exercise of discretion in its general application, to crystallize into a rule of law, that an examination of a party plaintiff before trial cannot be had except to establish an affirmative defense." The Court of Appeals undertook to restate the law that the court to which such applications for examination before trial is addressed has a right irrespective of the party having the burden of proof to permit such an examination in an appropriate case. The courts have regularly permitted examinations for the purpose of avoiding a defense. (*Schweinburg* v. *Altman*, 131 App. Div. 795.) The trend of judicial and professional opinion is in favor of broadening the scope of all preliminary remedies which may tend to clarify the issue or narrow it to the actually contested points. The circumstances disclosed here invoke the favorable exercise of the court's discretion and the motion made to vacate the notice for examination on the ground that such examination relates to matters in respect of which the moving party has not the burden of proof is denied.

The examination sought is too broad and the notice for examination will be limited to the paragraphs thereof numbered first, second, sixth and seventh. Submit order accordingly.