In the Matter of the Estate of ALICE CHAMBERLAIN, Deceased.

Surrogate's Court, New York County, January 14, 1937.

*Alan L. Dingle,* for the executor.

*Philip Watson,* for the husband, objectant.

DELEHANTY, S. The major question here presented is whether the surviving spouse of deceased may elect against her will. Concededly the spouses were not living together for a considerable time. The only testimony offered in opposition to the husband's claim of right to elect is that given by a friend of deceased and by the attorney who drew the will of deceased. These witnesses report statements of the deceased to them wherein deceased asserted that the surviving spouse failed to support her. This testimony is wholly without weight. It is equally without weight that deceased included in her will a statement of similar import. All of these declarations are pure hearsay.

The referee took the testimony of the surviving spouse subject to a motion to strike it out. That motion is granted. The spouse is held not to be competent to testify.

The case as now presented is one in which no legal proof whatever has been given on the subject of abandonment or failure to provide. Accordingly the rule of law stated in *Matter of Green* (155 Misc. 641; affd., 246 App. Div. 583) operates to confirm the surviving husband's right to elect. The presumption is that he had the right to elect. That presumption has not been overcome. Accordingly his election is held to be valid.

Since the ruling on the husband's right of election establishes that he is a person interested in the estate his objections must be disposed of. The court holds that in the circumstances presented here there was no waste in keeping the estate account in a commercial bank. Accordingly the first objection based on failure to put the funds out at interest during administration is overruled. Objection second raises only a question whether certain items are properly scheduled. There is no claim that the items had been

collected. Objection third is overruled. The costs were allowed as payable out of the estate and are an administration expense. The funeral expenses are approved. The expenditure of ten dollars listed in Schedule C is approved.

Objection fourth raises no issue which requires a ruling since it relates only to the form of the account. There is no proof before the court as to the value of the household articles. The surviving spouse is entitled to the property directed under section 200 of the Surrogate's Court Act to be set off. If the parties cannot agree upon the articles coming within the description of that section, a hearing on the subject will be held on the 21st day of January, 1937, at eleven o'clock A. M. This will dispose of the fifth objection.

The question of commissions raised by the sixth objection will be disposed of on the settlement of the decree.

If agreement can be reached on the household furniture a stipulation on the subject should be filed by January 20, 1937. Otherwise the hearing will proceed as stated herein.