In the Matter of the Estate of JAMES E. MAIDEN, Deceased. WINNIE BOOTHMAN et al., Appellants; ELIZABETH A. MAIDEN, Respondent.

Argued November 14, 1940; decided December 31, 1940.

*Frank Leuci* and *Herman Saperstein* for appellants.

*W. Eugene MacLean* for Elizabeth A. Maiden, respondent.

SEARS, J.  The petitioner, Elizabeth A. Maiden, widow of the deceased, in this proceeding has sought to establish the validity and effect of an election by her to take her share of her husband's estate as in intestacy as provided in section 18 of the Decedent Estate Law (Cons. Laws, ch. 13).  Subdivision 5 of that section is as follows: " No wife who has abandoned her husband shall have the right of such an election."

The sole question before us on this appeal is whether the petitioner is a wife who has abandoned her husband and, therefore, has not the right of such an election.  The administrator with the will annexed and certain legatees assert in their answers to the widow's petition that she abandoned the deceased during the deceased's lifetime.  The burden to establish abandonment is and remains at all times upon those asserting it.  (*Matter of Rechtschaffen,* 278 N. Y. 336.)  In this case the administrator and the legatees, to prove the abandonment, read from the deposition of the petitioner which had been taken before the hearing upon the stipulation of all the parties appearing.  In the deposition the petitioner testified that she left her husband's home in Astoria in the afternoon of the 1st day of November, 1928, after having had a conversation with him the evening before.  She had previously on the morning of that day sent away two trunks filled with her belongings.  On behalf of the petitioner, another part of her deposition was read wherein she stated that the reason for her departure was his continued insistence in her participating with him in acts of sexual perversion; that this conduct continued throughout the period that they lived together, that is, from the date of their marriage on July 27, 1927, to the time of her departure, and that his conduct finally wore upon her health to such an extent that she consulted a physician and shortly thereafter separated from him.  There is no other proof in the case, except testimony of witnesses who knew that Mrs. Maiden was living separate from her

husband, and of one witness who testified as to meeting her and calling her Mrs. Maiden, to which address the petitioner responded by saying that she was not Mrs. Maiden and that the witness was mistaken. There is no proof that either petitioner or deceased sought an adjudication of divorce or separation.

On the evidence, the Surrogate found an abandonment and determined that the petitioner was entitled to no part of the estate of the deceased. On appeal to the Appellate Division the decree was reversed on the law and the facts, the petitioner's prayer for a validation of her election was granted and the proceeding remitted to the Surrogate's Court to enter an order accordingly.

In *Matter of Sadowski* (246 App. Div. 490, 492) the Appellate Division in the fourth department had occasion to examine the provisions of section 18 of the Decedent Estate Law, particularly subdivision 4, which reads, " No husband who has neglected or refused to provide for his wife, or has abandoned her, shall have the right of such an election," and reached the conclusion that the quoted subdivision 4 was an expression by the Legislature of its intent to exclude from the benefits of the statute a husband against whom a judgment of separation could be sustained under section 1161 of the Civil Practice Act. We adopt the reasoning in the opinion in this case and similarly conclude that subdivision 5 is an expression by the Legislature of its intent to exclude from the benefits of the statute a wife against whom a judgment of separation could be sustained.

To constitute abandonment under this statute something more is necessary than a departure from the marital abode or a living apart. It is argued, however, that a *prima facie* case of abandonment is established by showing the departure from the marital home followed by the spouses living separately. To amount to abandonment the departure of a spouse from the marital home must be unjustified and without the consent of the other spouse. The reason for leaving is inseparable from the act. Human relations between spouses are so complex and influenced by so many

circumstances, separations occur in so many instances with fault and without fault, with consent and without consent that we deem the conclusion of fault on the part of the person leaving the joint home too uncertain for inference alone.

Whether we believe the petitioner's testimony as to the cause of her leaving or not, the appellants failed to sustain the burden of proof. If we believe the petitioner's testimony as to her reason for leaving her husband, she was justified. If it is not believed, the record is bare of proof that the petitioner's leaving her husband and his home was an abandonment.

The order should be affirmed, with costs to all parties filing separate briefs payable out of the estate.

LEHMAN, Ch. J. (dissenting). The petitioner-respondent is the widow of the decedent and she has a personal right of election, as provided in section 18 of the Decedent Estate Law, to take her share of the decedent's estate as in intestacy, unless she " has abandoned " her husband and, as provided in subdivision 5 of that section, has thus lost the right of election which she would otherwise have. I agree with the holding that the Legislature intended under that subdivision to exclude a wife from the benefits of the statute only where the wife's " abandonment " would be cause for an action of separation as provided in section 1161 of the Civil Practice Act. I agree, too, with the holding that the administrator of the estate and the legatee have the burden of establishing such an abandonment. I dissent only from the conclusion that they failed to sustain that burden in this case.

Concededly, the wife left her husband in November, 1928. She took with her two trunks containing her belongings and it is clear that she did not intend to live with him again. Though her husband died more than eight years after she had left him, the wife never, in the interval, saw the decedent or communicated in any way with him. She brought no action against him and made no claim against him during his life for support. It is true, as Judge SEARS

says in his opinion, that "The reason for leaving is inseparable from the act." Perhaps only the wife knew the reason for her act. At least it is certain that only the husband or the wife could know the reason. The husband's lips are sealed by death; the wife has offered an explanation of her act which would furnish justification if credited. The Surrogate, as the trier of the facts, refused to give it credence and found that she had abandoned her husband. The reversal by the Appellate Division of the decree of the Surrogate's Court was not upon the ground that the Surrogate should have accepted the testimony of the wife but upon the ground that if that testimony is rejected the record is bare of proof that the wife " abandoned " her husband; and in this court no other ground has been considered.

Doubtless proof or concession of the fact that a wife left the joint home, even with intent not to live with her husband thereafter, would not, standing alone, sustain a finding that she acted without justification and without consent of her husband. Here there is much more. A wife who has had no communication with her husband for more than eight years prior to his death and made no claims upon him for separate support at a time when the husband could have testified as to what occurred prior to his wife's departure, seeks a share of his estate after his death when she alone can explain the reasons for her departure. The decision of the Appellate Division means, I think, that though the wife is the only person who could show whether her act, at least equivocal, was justified by misconduct of her husband, her assertion of a right to which she would not be entitled if her act was without justification can be defeated only by affirmative proof that the husband was without fault and gave no consent. That where the wife gives false testimony to establish that the husband was guilty of misconduct which justified her in leaving him, the trier of the fact may not draw an inference that she could not truthfully testify that her husband was guilty of misconduct justifying her act. Such a holding seems to

me illogical and calculated to thwart the purpose of the statute and to place a premium upon dishonesty.

The order of the Appellate Division should be reversed and the decree of the Surrogate affirmed.

LOUGHRAN, LEWIS and CONWAY, JJ., concur with SEARS, J.; LEHMAN, Ch. J., dissents in opinion in which FINCH and RIPPEY, JJ., concur.

Order affirmed, etc.