FRANK GUNTNER, Respondent, v. MIRIAM GALLOWAY and GEORGE HAYDEN STEVENSON, JR., Appellants.— In an action to recover damages for personal injuries and property damage resulting from the collision between an automobile owned and operated by plaintiff and an automobile owned by defendant Galloway and operated by defendant Stevenson, judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

In the Matter of the Judicial Settlement of the Account of Proceedings of C. WILLIAM CHAMBERLAIN, as Executor, etc., of MARY L. BURCHAM, Deceased. WILLIAM B. CATING, Appellant; C. WILLIAM CHAMBERLAIN, as Executor, etc., of MARY L. BURCHAM, Deceased, and Others, Respondents.— Appeal by a legatee-objectant in an accounting proceeding from a decree of the Surrogate's Court, Queens County, which, among other things, allowed $5,000 to the attorney for the executor for legal services, $4,500 of which had been paid. Decree modified on the law and the facts by striking out the provision allowing the claim of Philip Frank, attorney for the executor, for $500, alleged balance due for legal services, by disallowing said claim, and by surcharging the executor with the sum of $2,000, the amount paid to the attorney as fees in excess of $2,500, which last-mentioned amount the court finds to be the fair and reasonable value of the services rendered by said attorney. As thus modified, the decree is unanimously affirmed, with costs to the parties filing briefs, payable out of the estate, and the matter is remitted to the Surrogate's Court for the entry of a decree accordingly. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

In the Matter of the Application of HARRIET CLARE, Appellant, to Compel THEODORE ERICSON, as Executor of the Estate of MARTIN W. CLARE, Deceased, Respondent, to Set Aside Certain Property and Money Pursuant to Section 200 of the Surrogate's Court Act.— Appeal from a decree of the Surrogate's Court, Nassau County, denying the petitioner, as the widow of the decedent, the exemptions allowed under section 200 of the Surrogate's Court Act. Decree reversed on the law and the facts, with costs to appellant, payable out of the estate, the application granted, and matter remitted to the Surrogate's Court for the entry of a decree accordingly. In our opinion the proof was insufficient to show that the petitioner abandoned the decedent. There was no proof that petitioner's departure from the marital home was unjustified and without the consent of decedent. (*Matter of Maiden*, 284 N. Y. 429.) Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.