In the Matter of the Application of MORRIS PERLMUTER to Compel MYRON TUCKER, as Executor, etc., of CLARA TUCKER PERLMUTER, Deceased, to Set Off Exempt Property.

In the Matter of the Application of MYRON TUCKER, as Executor, etc., of CLARA TUCKER PERLMUTER, Formerly Known as CLARA TUCKER, Deceased, for a Decree Determining the Validity and Effect of a Certain Election by MORRIS PERLMUTER, Husband of Said Decedent, to Take an Intestate Share against the Provisions of Said Will, under Section 18 of the Decedent Estate Law.

MYRON TUCKER, as Executor, etc., and HERBERT TUCKER, WILLIAM TUCKER, MOE TUCKER and MYRON TUCKER, Legatees, etc., Appellants; MORRIS PERLMUTER, Respondent.

Third Department, January 7, 1942.

*Jack Goodman,* for Myron Tucker, as executor, and others, appellants.

*Newton B. Van Derzee,* for the respondent.

PER CURIAM. The executor and legatees appeal from a decree of the Albany County Surrogate's Court which adjudged that Morris Perlmuter, surviving spouse of testatrix, is entitled to have set apart for him and to receive such of the property and articles in the estate as are set forth in section 200 of the Surrogate's Court Act, and further that he is entitled to share in the estate as in intestacy under section 18 of the Decedent Estate Law.

Respondent and decedent, each having been married previously, and each having five children, were married in or about 1925. They lived together sporadically until the latter part of 1934, and thereafter on occasions the testatrix went to New York and lived with or visited respondent, and he came to her residence in Albany on several occasions until about the middle of 1938. He stayed in her home continuously from January 1 until March 14, 1938. She died on May 19, 1940. Respondent is a man without property, and earned a somewhat uncertain living selling jewelry and diamonds, in certain instances taking rings from the owner on consignment and seeking a purchaser. In 1934 the parties were residing together in an·apartment in New York city, but were dispossessed for non-payment of rent. It was then that the wife (testatrix) went back to her home in Albany. At various times thereafter and until the middle of 1938, in addition to the visits, respondent sent money to his wife. In the earlier part of their married life he borrowed from her considerable sums amounting to about $3,000.

The surrogate has determined a question of fact, and applying thereto the rule in *Matter of Maiden* (284 N. Y. 429), that a spouse is excluded from the benefit of the statutes earlier quoted only when a judgment of separation would be sustained under section 1161 of the Civil Practice Act, his determination seems correct.

The decree should be affirmed, with costs of this appeal and respondent's disbursements payable out of the estate.

HILL, P. J., CRAPSER, BLISS, HEFFERNAN and FOSTER, JJ., concur.

Decree affirmed, with. costs and respondent's disbursements of this appeal payable out of the estate.