In the Matter of the Estate of HENRY BOESENBERG, Deceased. Betty Boesenberg, Petitioner; George Freitag, as Executor of Henry Boesenberg, Deceased, Respondent.*

Surrogate's Court, Bronx County, September 25, 1942.

---

* Revd. 265 App. Div. 484.

*J. R. Lyttle* for petitioner.

*P. Raymond Sirignano* (*Edward E. Bianco* of counsel), for executor.

HENDERSON, S. This is a proceeding by the decedent's widow, who is disinherited by the will executed in 1942, to establish the validity of an election by her to take a share in the estate as provided by section 18 of the Decedent Estate Law. The executor opposes this application on the ground that she has lost the right of election as provided in subdivision 5 of that section because she abandoned her husband.

Upon the question presented as to whether the petitioner abandoned her husband, the burden of proof is upon the executor, who makes such assertion in his answer. (*Matter of Maiden,* 284 N. Y. 429; *Matter of Rechtschaffen,* 278 id. 336.)

The petitioner and the decedent were married in 1925. In 1933 they took a trip to Europe. In 1935 the petitioner desired to make another trip to Europe to which her husband objected. The day before she sailed, July 4, 1935, she told a neighbor that her husband didn't want to let her go, but that she was going anyway. She returned in August and first went to the apartment of one of her married daughters of a previous marriage who lived in another apartment of the same house where her husband and she had been living. The petitioner says that she went upstairs and rang the bell of her husband's apartment. He admitted her and after about a half hour, she returned to her daughter's apartment where she then made her home and later went to live with another married daughter. Within a few days thereafter, she again went to her husband's apartment with one of her sons-in-law. She did not gain admittance. She tried her key in the lock, but found that the lock had been changed.

The son-in-law testified that a few days thereafter he went to see the decedent who was "quite tempered" and that the decedent told him that he did not wish to see the petitioner any more.

The petitioner's leaving her husband for a trip of less than two months against his wishes does not constitute an abandonment. If her husband refused to live with her on her return, he was responsible for their failure to resume marital relations at that time. Even if the testimony that he refused to live with her were not believed, the fact that they lived apart, standing alone, would not be sufficient to forfeit her right to her election. (*Matter of Maiden, supra,* 433.)

However, in 1938 the decedent wrote the following letter, which was received by the petitioner:

"Betty

your continued absence from our home at 156 W. 170 St. New York City the past three years indicates that you do not intend to return. While the door has been open to you during this three year period and while you have retained your key, you have shown no disposition to return home. I am no longer able to continue to maintain this residence by reason of my ill health and by reason of my no longer being able to afford to do so. I am, therefore, contemplating giving up this apartment and either moving to some inexpensive place in the country or finding other quarters here in the City. there are presently at the 170 St. apartment some items of clothing as well as other minor articles, which belong to you. if you are desirous of having these articles, you are welcome to come and call for them. if not, please let me know by return mail what disposition you wish to make of them, as I intend to change my living quarters within the next very short time.

I trust that this letter finds you in good health

Henry Besenberg"

The petitioner took no action after receiving the letter, nor is there any explanation of her conduct.

The letter establishes that at the time it was written and for some time prior thereto, the decedent was desirous of resuming marital relations with his wife. Aside from the occurrences immediately after her return from Europe in 1935, it does not appear that she ever offered to return to her husband. She at no time made any demand upon him for support. It is a logical conclusion that they were living apart solely because the petitioner was unwilling to return to her husband.

Our law has always obligated a husband to support his wife during his lifetime. Section 18 of the Decedent Estate Law is an attempt by law to prevent a husband from avoiding that obligation upon his death. The obligations of marriage, however, are reciprocal, and subdivision 5 was enacted to withdraw the protection of the section from a wife who had failed to discharge her obligations under the marriage contract by abandoning her husband.

The executor has shown to the court's satisfaction that the petitioner abandoned the decedent. Her petition to elect to take a share of the estate is dismissed.

Settle decree.