In the Matter of the Estate of WILLIAM GUGGENHEIM, Deceased.

Surrogate's Court, New York County, January 28, 1943.

*Griffiths & Content* for Harold A. Content, petitioner.

*Abraham L. Bienstock* for Aimee S. Guggenheim, respondent.

DELEHANTY, S. The widow of deceased filed a notice of election to take against the will of deceased. The making of such election is referred to in the account as entitling her to a share in the estate. The objectant, who is a legatee under the will of deceased, has filed objection to the asserted right of the widow. The objecting legatee is prejudiced if such right of election is validated.

The burden of establishing the invalidity of the claimed right of election is on the objectant for the reason that here there is no dispute that a marriage relationship existed between the widow and deceased at the time of his death. Her right of election can be defeated only if the provisions of subdivision

5 of section 18 of the Decedent Estate Law are applicable. The burden of showing the abandonment, which is there declared to be a bar to a right of election, is on the person asserting the abandonment — here the objectant. (*Matter of Rechtschaffen*, 278 N. Y. 336; *Matter of Maiden,* 284 N. Y. 429.) The right of objectant to examine the widow in such circumstances in aid of objectant's assertion of an abandonment of deceased by his widow is clear. Such a right was granted in *Matter of Green* (155 Misc. 641, 650). The cases which are cited in opposition and which relate to examinations in matrimonial actions are not here applicable. While as 'his court has said in *Matter of Green* (*supra*) the court may be compelled to hear the equivalent of a matrimonial action, the *res* which is being contested is property and the ordinary rules for examinations before trial in litigations affecting property rights should be applied. The widow demands a share in the estate. She must submit to the usual processes available to her opponent in attempted support of the claim of abandonment which would defeat the demand.

However the sole basis for denial of the right to elect which is provided for in the statute in the case of a widow is an abandonment. Examination accordingly is allowed only in respect of items 1 and 2 of the notice of examination which relate to this subject matter. It is denied as to all other items in the notice because the objections interposed do not assert the execution of an express waiver such as is referred to in subdivision 4 of the notice and because the subject matter of subdivision 3 of the notice is irrelevant to the issue of abandonment.

The time and place for the examination will be fixed in the order. It must proceed and be concluded in the week of February 1, 1943.

Submit, on notice of one day, order accordingly.