In the Matter of the Estate of HELEN L. BROWN, Deceased.

Surrogate's Court, Schenectady County, June 21, 1952.

*Harold E. Blodgett* for William I. Brown, petitioner.

*Walter F. Swanker* for Helen A. Rosenfeld and others, respondents.

CAMPBELL, S. This is an application to determine the right of testatrix's surviving spouse to take an intestate share of her estate pursuant to section 18 of the Decedent Estate Law and section 145-a of the Surrogate's Court Act.

Testatrix died July 11, 1950, and her last will and testament, dated March 16, 1948, was admitted to probate August 28, 1950. She is survived by her husband, this petitioner, and four adult children, two of whom, Helen A. Rosenfeld and William V. Brown, nominated in the will, have been appointed executors.

The " Fourth " paragraph of the will provides as follows: " I give and bequeath to my husband William I. Brown of Lewiston Maine, the sum of One ($1.00) dollar."

Under date of October 23, 1950, the surviving husband executed a notice of election pursuant to section 18 of the Decedent Estate Law which was filed in this court on November 24, 1950. The executors and the other two children of testatrix answered the notice and petition herein, denying " each and every claim set forth in petitioner's petition " and further allege that " as a separate and affirmative defense respondents assert that even if the facts and claims set forth in petitioner's petition were true

said petitioner would be barred from receiving any intestate share against the Estate of his deceased wife Helen L. Brown under Section 18, Article 3, paragraph 87 of the Decedent Estate Law of the State of New York upon the grounds that said petitioner did in 1921 abandon his wife and did thereafter neglect and refuse to provide for her."

Testimony taken before the court showed that for many years petitioner was employed in Boston, Massachusetts, and subsequently in the State of Maine; that he traveled in several eastern States representing a manufacturing concern; that during this time testatrix conducted a rooming house from which she received a substantial revenue; that during this period, testatrix's husband sent money to his wife as his income would permit; that his earnings varied according to the amount of business he was able to transact for his employer.

Testatrix, at the invitation of petitioner, visited her husband at Auburn, Maine, and on August 22, 1947, they entered into a written separation agreement which provided, in part, that " the husband, conditioned upon his ability to provide by taking into consideration his earning capacity, personal needs and obligations " agreed " to pay to the wife for her support the sum of sixty ($60) dollars per month on the first day of each month, beginning with the first day of September, A. D. 1947." This document states, further, that " the wife agrees: To accept the aforesaid sum of sixty ($60) dollars per month for and as her support; and not to contract any debt or debts in the name of the husband or in any way bind him for any debt or debts, for which the husband might in any way be liable."

On behalf of the surviving spouse, twenty-seven checks, totaling $1,581, representing payments under the separation agreement, were introduced in evidence. These checks were drawn on the Lewiston Trust Company, of Maine, and covered 1947 from the date of the separation agreement through 1948 and 1949.

On this statement of facts, the husband claims there was no abandonment on his part of his lawful wife and, therefore, he asserts his right to an election of his intestate share under section 18 of the Decedent Estate Law.

In the case at bar, and particularly since the execution of the separation agreement on August 22, 1947, the testimony is devoid of proof that the petitioner did not provide for the support and maintenance of his wife " conditioned upon his ability to provide by taking into consideration his earning capacity,

personal needs and obligations,'' as set forth in the separation agreement.

In *Matter of Chamberlain* (161 Misc. 880, 881), former Surrogate DELEHANTY stated: '' The case as now presented is one in which no legal proof whatever has been given on the subject of abandonment or failure to provide. Accordingly the rule of law stated in *Matter of Green* (155 Misc. 641, affd. 246 App. Div. 583) operates to confirm the surviving husband's right to elect. The presumption is that he had the right to elect. That presumption has not been overcome. Accordingly his election is held to be valid.''

In a most exhaustive and illuminating opinion written by Judge DELEHANTY in *Matter of Green* (155 Misc. 641, 649) the court states: '' In a real sense spouses have purchased this new right of election by the surrender of ancient rights. A most liberal interpretation of the newly granted rights is alone consonant with the history of this legislation. Those who assert lack of right in the surviving spouse have the burden of establishing the facts required to be shown to bar the spouse. Once the status of surviving spouse is established the right to elect or to succeed presumptively attaches. This viewpoint has already been declared by this court (*Matter of O'Dwyer,* 151 Misc. 57).''

In *Matter of Guggenheim* (180 Misc. 833) the court states: '' The burden of establishing the invalidity of the claimed right of election is on the objectant for the reason that here there is no dispute that a marriage relationship existed between the widow and deceased at the time of his death. Her right of election can be defeated only if the provisions of subdivision 5 of section 18 of the Decedent Estate Law are applicable. The burden of showing the abandonment which is there declared to be a bar to a right of election, is on the person asserting the abandonment — here the objectant. (*Matter of Rechtschaffen,* 278 N. Y. 336; *Matter of Maiden,* 284 N. Y. 429.) ''

In the case now before this court, the execution of the separation agreement by mutual consent precludes the conclusion there was any abandonment on the part of petitioner. In that agreement, the surviving spouse agreed to pay the testatrix $60 per month for her support and maintenance insofar as petitioner's finances permitted.

The late Surrogate HENDERSON, in *Matter of Stolz* (145 Misc. 799, 801) decided a case similar to the one at bar here, stating: '' The decedent in her lifetime could not have succeeded in an action for separation after the agreement of March 23, 1915.

In 1912 the decedent left the claimant. Even if it is assumed, as the executor contends, that she was justified in leaving by reason of the cruel treatment of her husband, there was no abandonment by the husband. After the separation agreement, there could be no abandonment, for the decedent consented to living separate and apart from her husband. (*Powers* v. *Powers,* 33 App. Div. 126.) To constitute an abandonment there must be a desertion without consent. The claimant performed his part of the separation agreement. No sufficient grounds to sustain a judgment of separation either for abandonment or neglect or refusal to provide exists.''

Surrogate WITMER of Monroe County, in *Matter of Smith* (190 Misc. 285, 288), states the rule as follows: '' A surviving spouse is presumptively entitled to elect to take against a will and to take the statutory exemptions, and the burden of proof is upon those who deny that such right exists. (*Matter of Green,* 155 Misc. 641, affd. 246 App. Div. 583; *Matter of Barc,* 177 Misc. 578, affd. 266 App. Div. 677; *Matter of Guggenheim,* 180 Misc. 833; *Matter of Chandler,* 175 Misc. 1029, *supra*; *Matter of Armond,* 174 Misc. 486.) Respondent, therefore, has the burden of proving that the testatrix was entitled to a decree of separation from petitioner at the time of her death.''

From the foregoing, this court is constrained to hold that respondents have not met or sustained the burden of proof to show abandonment on the part of the surviving spouse and that the objections of the children of testatrix must be dismissed. The petition of the husband must be granted and his right to elect to take his intestate share of the estate of the deceased is sustained.

Enter order accordingly.