In the Matter of the Estate of EDWARD B. BERTOLATUS, Deceased. JEANNE E. HEER, Appellant; ELIZABETH BERTOLATUS, Respondent.— In a petition to the Surrogate's Court of Westchester County for letters of administration of the estate of her father, decedent's daughter alleged that his widow, her mother, had abandoned him in 1936, and that by reason of such abandonment the widow was not entitled to letters of administration. The widow's answer denied the abandonment. The daughter appeals from a decree granting letters to the widow. Decree reversed on the law and the facts, with costs to appellant, payable out of the estate, and the matter remitted to the Surrogate's Court for the entry of a decree granting appellant's petition. The evidence established that in 1936 deceased lived in Mount Vernon, N. Y., with respondent and their children. Deceased was a meek person, was not a drinking man, was not addicted to the use of bad language, and was well-liked by his associates. In June, 1936, respondent left her husband and children and never thereafter returned, except on one occasion in or about December of that year. As to that visit she testified that she stayed a week. Her son testified that she stayed for dinner and left thereafter, on the same day. Prior to leaving her husband and family she had met a man named Henschen, who was a waiter in a bar and grill on E. 86th Street. Thereafter she saw him on and off at the place where he worked. She testified that when she left home she went to 86th Street to live. Although she testified that she did not live there with Henschen, and did not see him for a while, after leaving her husband in June, it is undisputed that from the time she left her husband she lived at an address close to the place of Henschen's employment, that in the latter part of 1936, at or about the time when, according to her testimony, she returned to her husband for a week, she had met Henschen again, that from 1938 to the time of his death in 1944 she lived with him, was known as his wife, and that she bore him a child in 1939. In a proceeding such as this the burden of proving an abandonment is on the person asserting it. (*Matter of Rechtschaffen,* 278 N. Y. 336; *Matter of Maiden,* 284 N. Y. 429) and a surviving wife, even an adulterous one, who is not guilty of abandonment, is entitled to letters of administration. (Cf. *Matter of Green,* 155 Misc. 641, affd. 246 App. Div. 583, motion for leave to appeal denied 270 N. Y. 675.) In our opinion, however, the evidence adduced was sufficient in the absence of explanation to require the conclusion that respondent had abandoned her deceased husband, and that her separation and subseqeunt absence from him and her children was without his consent and was unjustified. Findings of fact inconsistent herewith are reversed. Nolan, P. J., Carswell, Johnston, and MacCrate, JJ., concur; Schmidt, J., dissents and votes to affirm, with the

following memorandum: My dissent is based solely on the ground that appellant failed to sustain the burden of proof, which was on her at all times, of establishing the alleged abandonment by showing that respondent left decedent without his consent and without just cause. (*Matter of Rechtschaffen,* 278 N. Y. 336; *Matter of Maiden,* 284 N. Y. 429.) The petition alleges that respondent abandoned decedent in 1936, which is denied by the answer. The issue raised by the pleadings is, therefore, whether respondent abandoned decedent in 1936. Appellant did not testify. Her witnesses testified that respondent left decedent in 1936. One of them, appellant's brother and respondent's son, testified that he did not know why respondent left, that he had never asked her why she left, and that she had never told him why she left. He was not asked any question as to whether or not respondent left with or without decedent's consent. Respondent testified that she left decedent in June, 1936, and that she went to live with Henschen about 1938. The child of this union was born March 20, 1939. In order to find an abandonment here it is necessary to find also that respondent went to live with Henschen immediately upon leaving decedent in June, 1936, which disregards the only testimony on this point, by respondent, that she did not go to live with Henschen until 1938. The learned Surrogate held that there was no evidence of abandonment as defined by the authorities. The pleadings and the proof raised questions of fact which were for the Surrogate to decide, and the findings which he made are supported by the evidence and cannot be said to be against the weight of the evidence. It is also pointed out that although this respondent left the decedent in 1936, and at least from 1938 he had grounds upon which he might have done so, there is no indication that decedent made any move to procure a divorce or separation from respondent.