■     In the Matter of the Probate of the Will of BENJAMIN FULLER, Deceased. ELOISE S. DE CLERCQ et al., Individually and as Proponents of the Will of BENJAMIN FULLER, Deceased, Appellants; HILDA I. FULLER et al., Respondents.— This is an appeal by the appellants, proponents of the decedent's will, from a decree of the Cortland County Surrogate's Court in probate proceedings, determining that Hilda I. Fuller was the legal widow of Benjamin F. Fuller, and that she had not abandoned him prior to his death, and was thus not prevented from electing against his will. She had been previously married to a Raymond Withrow in Massachusetts in 1924, and had commenced an action for divorce against him in that State in 1932. In 1933 she went to Florida and on October 2, 1935 started divorce proceedings against him there. Service was by publication in a Florida newspaper. A final decree of divorce was granted by the Florida court on November 8, 1935 and she married the decedent in Florida in February of 1936. The Massachusetts action was dismissed for lack of prosecution in July, 1936. The record does not disclose the date of Withrow's remarriage. Appellants contend that Hilda Fuller was not the legal widow of Benjamin Fuller, her Florida divorce being void because of the prior divorce action pending in Massachusetts; and further that she was not his legal widow because the Florida divorce was invalid under the laws of New York, on the ground that she had testified falsely that she did not know the whereabouts of her husband (which was necessary for valid constructive service [Florida Stats. Ann., §§ 48.01–48.04]). There was no dispute that Hilda Fuller was a bona fide domiciliary of the State of Florida and, therefore, the Florida court had jurisdiction over the divorce proceeding. Any prohibition which Massachusetts might impose concerning the bringing of a divorce action would have no binding effect upon the Florida court and therefore, the laws of Massachusetts are not applicable to this case. The Surrogate has held that the decedent's marriage to respondent was valid by holding that appellants had not overcome the presumption of the validity of the second marriage. In our view the determination that there was such a failure of proof is well justified in the record (*Matter of Dugro*, 261 App. Div. 236, affd. 287 N. Y. 595). The additional serious question of the appellants standing to attack the validity of the Florida decree is not passed on. Appellants further contend that the Surrogate erred in not determining that respondent had abandoned decedent. The burden of proof is on those alleging the abandonment (*Matter of Maiden*, 284 N. Y. 429; 3 Warren's Heaton, Surrogates' Courts [6th ed.], § 304, p. 832.18). The Surrogate found that the appellants failed to prove that respondent's leaving was unjustified or without consent (see *Matter of Maiden, supra*). It also appears that the decedent continued to support her after her leaving, from which consent might be inferred. His determination that the appellants had failed to sustain their burden of proof is amply supported by the record. Appellants also contend that the Surrogate erred in denying a motion to substitute the Onondaga County Commissioner of Public Welfare in the place of the widow Hilda Fuller. They claim that the Commissioner is the assignee of the widow's interest in the estate and because

the right of election is a personal right of the widow it is lost by her assignment of her interest in the estate. Even assuming appellants' contention that the Commissioner is an assignee, there seems to be no authority for the proposition that the right of election is thereby lost to the widow. The language of *Matter of Edwards* (63 N. Y. S. 2d 64, 70 [Surrogate's Ct., Herkimer County, 1946]), indicated that there would be no loss of the right. There it was said that a widow's right of election was not affected by the assignment of her interest in the estate to her attorney. The *Edwards* case has been cited as authority for the statement, that, " The right of election is not assignable although the fruits of the election may be assigned ". (6 Jessup-Redfield, Surrogates' Law & Practice, § 5605, p. 849.) Decree unanimously affirmed, with costs to all parties filing a brief payable from the estate. Coon, J. P., Gibson, Herlihy and Reynolds, JJ., concur.