In the Matter of the Estate of WALKYRIA V. ACUNA, Also Known as WALKYRIA VALENTINA, Also Known as WALKYRIA V. MARRERO, Deceased.

Surrogate's Court, Westchester County, April 30, 1962.

*Wm. Thora Simpson* for petitioner. *Harold F. Hamilton,* as special guardian.

HARRY G. HERMAN, S. This is an application brought in conjunction with an executrix' accounting proceeding for the purpose of determining the distributees of the decedent herein.

The decedent, a resident of Mt. Airy, Croton-on-the-Hudson, Westchester County, New York, died on or about the 3rd day of July, 1960. It appears that she left her surviving a husband, and a son, Tollan Richard Whitlock, the issue of a former marriage. However, the will bequeathed to the executrix therein named the entire estate. Admission to probate depended upon her deposition as subscribing witness, and she elected to act as such witness thereby renouncing her legacy thereunder. The will was duly admitted to probate but the estate of the decedent passes as in intestacy.

The present whereabouts of her husband are unknown, but the following has been satisfactorily established. For several years prior to her return to the United States in 1947, decedent had been employed in the American Consul's office in Cuba. When she returned she brought with her Hermelio E. Marrero, a citizen of Cuba. It is apparent that Marrero's desire was to gain entry to the United States. Later that year, on October 24, decedent and Marrero were married. Petitioner was matron of honor at the wedding. Barely a month after the ceremony

Marrero left the marital domicile and has not been heard from since. Decedent at that time was 37 years of age, her husband 23 years of age, 14 years her junior. Her son who lived with them was five years age. It was her second, and his first marriage.

The conclusion is inescapable that the husband's leave-taking was part of his preconceived design to marry the decedent solely to effect entry into the United States.

The Court of Appeals, in *Matter of Maiden* (284 N. Y. 429) establishes the rule that in order to obtain a determination that a surviving spouse has forfeited the right to elect against the will of a deceased spouse under section 18 of the Decedent Estate Law by reason of alleged abandonment, those contending for such a result must demonstrate that departure from the other spouse actually occurred, that it was without the consent of the one left behind, and that it was unjustified. In other words, sufficient evidence to sustain a judgment of separation.

Accordingly, the court determines that the evidence requisite to establish abandonment within the connotations of the statute have herein been made, and that Tollan Richard Whitlock is the sole distributee of Walkyria Valentina Acuna, also known as Walkyria Valentina, also known as Walkyria V. Marrero.