Francis X. Tucker, S.
The last will and testament of the deceased, Ethel Chambers, dated April 24, 1953, was admitted to probate on the 16th day of December, 1963. The petitioner, Harry Chambers, filed a notice of election to take his intestate share pursuant to section 18 of the Decedent Law. The executrix has filed an answer alleging an affirmative defense that petitioner *748 is not entitled to an intestate share under subdivision 4 of section 18 of the Decedent Estate Law.
On the trial of the issue it was conceded that the parties were married on July 4, 1916, and the notice of election was properly served and filed; thus the burden of proof was upon the executrix to establish the affirmative defense of neglect or refusal to support or abandonment.
The proof on behalf of the executrix consisted of the following testimony taken from the petitioner on an examination before trial:
“ Q. Now at the time that you left did Ethel Chambers have a conversation with you and try to convince you to stay? A. Yes.
“ Q. What did she say to you at that time? A. She asked me to stay. That is all.
“ Q. Now after you left, did Ethel Chambers ever ask you to come back to the home ? A. Not after that one time, no.
“ Q. Now did you ever, after the time you left, offer to go back to the home ? A. No.
“ Q. What reason, if any, was there for your leaving at that time? A. Just didn’t work out.
“ Q. You mean the marriage didn’t work out? A. That’s right.
‘ ‘ Q. Was there any immediate cause at that moment for leaving? A. No, I wouldn’t say so.
“ Q. Something that had been building up for some time? A. That’s right.
“ Q. Now would you tell me specifically what you mean when you said the marriage didn’t work out? A. There shouldn’t have been a start, let’s put it that way.
“ Q. Were there arguments over the years? A. Always.
“ Q. What else? A. 'That’S it.
“ Q. Now after you left, was there any separation agreement ever entered into? A. No.
“ Q. Did Mrs. Chambers ever call you into Court for payment of support? A. No.
“ Q. Did you ever make any attempt to .a reconciliation? A. No.”
This testimony was sufficient to establish a prima facie case under subdivision 4 of section 18 of the Decedent Estate Law. However, in view of the testimony produced by the petitioner, it was not sufficient to sustain the executrix’ burden of proof on the factual issues.
Petitioner introduced evidence to the effect that Harry and Ethel Chambers who were married July 4, 1916 lived together until 1953, when each of them was approximately 60 years of *749 age. They raised two daughters, who by that time were married and living in the same immediate neighborhood. For 37 years they lived together in the wife’s parents’ home at Binnewater, Ulster County, New York. The petitioner worked in Poughkeepsie and either commuted daily or lived with his sister in Poughkeepsie and came home on week ends. His earnings were used to maintain the household including the maintenance, repairs, and taxes on the house, which his wife eventually inherited from her family. The deceased was not employed outside of the home, although there was some small income from renting boats on the nearby lake.
The petitioner received a small inheritance from his family and part of this was turned over to the decedent in addition to his income.
There was testimony to the effect that the marriage was marked by an unusual amount of disagreement and unpleasantness during their years together and for extended periods of time the parties lived separately under the same roof. At the time of the separation, the deceased asked the petitioner to stay, however, thereafter she made no effort to effect a reconciliation and no action was brought during her lifetime on the theory that he had neglected, failed to support or abandoned her. There was ample proof that she was not neglected or denied support. The petitioner lived nearby and had personal knowledge that her needs were taken care of. He provided support by weekly payments in amounts which were reasonable considering his income and his wife’s needs. She accepted these payments without protest and executed joint Federal and State income tax returns during the time they lived apart. He also maintained Blue Cross and Blue Shield coverage for her.
There is no evidence to indicate the petitioner neglected or failed to support the deceased. If the executrix is to succeed, it must be on the ground of abandonment. To constitute an abandonment, under subdivision 4 of section 18 of the Decedent Estate Law something more is necessary than a departure from the marital abode or living apart. To amount to abandonment, the departure of a spouse from the marital home must be unjustified and without the consent of the other spouse. (Matter of Maiden, 284 N. Y. 429.) The burden of proving the lack of justification and lack of consent rests upon the executrix in this case.
We may not speculate as to the testimony the deceased might have given on the issue of justification had she elected to bring legal action during her lifetime. Inuendos are of no probative value to sustain the burden of the executrix.
*750 On the question of consent to the departure the record indicates the deceased asked the petitioner to stay on the occasion of his leaving. However, it appears that this was the only such request during the 10-year period they lived apart. There was weekly contact during the period of separation through a daughter who acted as intermediary and delivered the support payments and obtained receipts. The petitioner and the deceased resided in the same small community and she could have contacted him at any time. She apparently was satisfied with the arrangement hy which they lived apart and he supported her. The acceptance of the support payments without protest and the filing of joint tax returns are indications of her consent to the continuation of the husband and wife relationship while living apart.
The executrix has failed to sustain her burden of proof. Therefore, the petitioner is entitled to his intestate share of the estate.