■ In the Matter of Elizabeth E. Diamond, Deceased. Milton Diamond, Appellant; Eliza Rivera et al., Respondents. — In a proceeding by decedent's husband to obtain letters of administration, in which the decedent's brother and two sisters opposed the application, the petitioner appeals upon the facts from a decree of the Surrogate's Court, Queens County, entered March 12, 1964 upon the opinions of the court, after a nonjury trial, which denied his application; adjudged that he was not entitled to a distributive share of the decedent's estate, and appointed decedent's sister as administratrix. Pursuant to the authority conferred by statute (Surrogate's Ct. Act, § 309), Samuel S. Tripp, Esq., of Queens County is appointed as Special Referee for the purpose of taking further proof upon the following issues: (1) as to whether petitioner in fact had neglected or refused to adequately provide for decedent, his wife, during her life; (2) as to whether petitioner in fact had abandoned her or whether their separation was by their mutual acquiescence or consent; and (3) if petitioner had neglected or refused to support his wife or if petitioner had abandoned her, as to whether any legal justification existed for such conduct on his part. After the taking of such proof the Referee shall render a report to this court setting forth his findings upon such issues. A copy of such report should be served upon each of the parties. This appeal will be determined on the basis of the present record, as supplemented by the record consisting of the additional proof before the Referee. Pending the hearing before the Referee and the receipt of his report and the supplemental record, the determination of this appeal will be held in abeyance. Upon the filing of such report reargument of the appeal will be allowed, if requested by any party within 20 days after such filing. The present record is inadequate for the determination of the ultimate question presented, namely: whether, under section 87 of the Decedent Estate Law, the petitioner had neglected or refused to provide for his wife or had abandoned her. The record shows little more than the fact that the parties had lived apart for some years prior to the wife's demise. In the absence of plenary proof upon the three issues specified above, a proper determination of the

ultimate question involved cannot be made (cf. *Matter of Barc,* 177 Misc. 578, 581–582, affd. 266 App. Div. 677; *Matter of Maiden,* 284 N. Y. 429). Beldock, P. J., Ughetta, Christ, Brennan and Benjamin, JJ., concur.