William J. Regan, S.
Petitioner ha's instituted this proceeding pursuant to section 145-a of the Surrogate’s Court Act to obtain a determination as to the validity of the right of election exercised by her. The executor has controverted petitioner’s, right to assert this election on the grounds that she abandoned the decedent in his lifetime.
On the trial of the issue it was conceded that the parties were married on January 18,1941, and the notice of election was properly served and filed.
• The proof consisted substantially of :the testimony offered by the petitioner herself, as concerns the events leading to her departure from her husband’s abode. It appears that petitioner and decedent, except for approximately two years when the' decedent was in the Armed Forces, lived together until sometime in 1946 when petitioner left decedent with an intention not to return. Petitioner testified to prior separations based on her complaints of vile language, excessive drinking and general incompatability. Accusations of infidelity were directed to each other. On at least two occasions prior to 1946 petitioner ■ returned to live with decedent after his promise to reform. She finally left him in 1946 after he allegedly came home drunk, swore at her, used vile and profane language, accused her of infidelity and threw a bottle at her. Upon leaving she left her four-year-old daughter in his care.
From the date of the separation to the date of his death'in 1964 petitioner never received any support from the decedent, nor had she made any request for support. No court proceedings were ever instituted to establish petitioner’s right to separation, support or custody of the child. Decedent, within the first two years of separation, asked petitioner to come back to live with him, but she refused on the basis of his failure to reform in the past. • ’
It is conceded that petitioner left decedent without his consent and with the intent of not returning, thereby placing in issue for determination by this court whether or not the departure was justified. . ; r ■ : : •
*811 This court agrees with the contention of the executor that the conduct of the parties herein was not such as would in and of itself justify a judgment in separation. (Tausik v. Tausik, 38 Misc 2d 11; Schearer v. Schearer, 73 N. Y. S. 2d 337.) It does not follow however that justification for leaving’ gives rise to proper grounds for a separation. It is not the province of this court to speculate on the issue of justification. While it is argued that petitioner did herself drink excessively and did herself resort to improper language, does it follow that she must accept these standards of conduct from others! .Justification is dependent upon the circumstances peculiar to individual cases. This court will not make a determination based on speculation alone.
If the executor is to succeed, it must be on the ground of abandonment. To constitute an abandonment, under subdivision 5 of section 18 of the Decedent Estate Law something more is necessary than a departure from the marital abode. The departure must be unjustified and without the consent of the other spouse. (Matter of Maiden, 284 N. Y. 429.) The burden of proving the lack of justification rests upon the executor. In this respect the executor has failed to sustain the burden of proof. At best he has established that petitioner did not live harmoniously with her husband.
The special guardian has joined in this controversy in behalf of his ward and supports the executor with the additional contention .that the conduct of the petitioner in living in an adulterous relationship with at least two other men during her separation from her husband sufficiently constitutes a bar to exercising a right of election.
The leading case in this respect is Matter of Green (155 Misc. 641) which held that proof of wife’s adultery during a portion of the period when she lived apart from him did not constitute “ abandonment ” so as to deprive her of the right to take her intestate share in her husband’s property against the provisions of his will.
The special guardian goes to great lengths to distinguish the Green case from the case at bar, It is pointed out that in the Green case it was the husband who abandoned his wife and who lived in open adultery with another woman; that the adultery of the wife was for a short period of time. In a well-written and extensive brief the special guardian points to legislative intent and states that only a faithful wife was intended to be protected by subdivision 5 of section 18 of the Decedent Estate Law, and that to grant petitioner the right of election sought by her would be contrary to public policy. .
*812 This court of course does not agree with any attempt to justify adultery in one case and denounce it in another. Adultery in and of itself, no matter under what circumstance, can in no event be justified. The adultery alleged in the Green case cannot be given less significance than the adultery complained of in the present proceeding.
Notwithstanding the nonconformity of petitioner’s mode of life with conventional standards, she is entitled to the presumptive right to elect to take her intestate share against the provisions of her husband’s will once the status of surviving spouse is established.
It is to be noted that the decedent never took any steps himself during his lifetime to obtain a legal separation against the petitioner or to dissolve his marriage. Certainly he was in a position to know or to ascertain where his wife was living and with whom she was living. There was still one common bond between the two parties and that was their daughter Judith Ann. Judith Ann herself testified that between the ages of 5 and 10 she .was boarded out and that the various placements were arranged by both her parents. At age 10 she lived with her father for about three years and subsequently went to live with her mother. Under these circumstances this court is satisfied that the separation between petitioner and decedent was acquiesced in by both parties.
In view of the foregoing, this court is of the opinion that unfaithfulness is not a bar to the right of election. As stated in the Green case, only abandonment is a bar. The subdivision of the Decedent Estate Law deals only with this fact. It does not deal with eventual matrimonial rights which might arise out of this fact.
It is accordingly decided that the executor has failed to prove that petitioner abandoned the decedent during his lifetime. The petitioner is entitled to elect against the will of decedent, and the election heretofore exercised by her is valid.