■ In the Matter of the Estate of ELLEN PRINCE, Deceased. MACEO PERRIN, Respondent; CHARLES A. PRINCE, Appellant.—

Concur — Stevens, P. J., Nunez, McNally and Tilzer, JJ.; McGivern, J., dissents in the following memorandum: I dissent and would reverse. Heartwise, the majority may be correct, but the precedents dictate a contrary conclusion. (*Matter of Maiden,* 284 N. Y. 429; *Schine* v. *Schine,* 36 A D 2d 300; *Matter of Christesen,* 277 App. Div. 893; *Matter of Green,* 155 Misc. 641; see, also, *Diemer* v. *Diemer,* 8 N Y 2d 206, 210; *Matter of Lapenna,* 16 A D 2d 655, app. dsmd., 12 N Y 2d 671.) By these precedents, for a valid case of abandonment, there must be the essential elements of unjustified departure, with no intent of returning, and without consent. But on the record before us, we have only tenuous and tepid evidence indicating that the parties were married in 1929, ceased living together about 1947, that they "argued", and that she was the victim of a street-scene stabbing at his hands. This latter incident seems to have been caused by the pangs of despised love; to the guilt of it he pleaded; he had no previous record. The reference to "disease" in the majority opinion is not supported by the record, as objection to this testimony was sustained by the Surrogate. And, although the evidence relating to his attack upon her might have been relevant, if "cruelty" were the subject of our study, it has little or no bearing on the subject of culpable abandonment, which is the sole question before us. For aught that appears from this sparse record, there is no one she (decedent) would have parted with more willingly

than her husband (petitioner). If this were so, then he did not leave without her consent, and abandonment has not been demonstrated within the meaning of EPTL 5-1.2 (subd. [a], par. [5]). And as the still surviving husband, he cannot be barred from participating in his wife's estate. Taking note that the principal testimony concerning the spouses comes from an erstwhile brother-in-law of decedent whose sisters stand to profit by the decree below, I do not think this evidence is sufficient to sustain abandonment within the statute, particularly since the burden is on the party asserting it. (See *Matter of Rechtschaffen*, 278 N. Y. 336.) Thus, in my view, the determination of the majority opinion affirming the decree below rests on the merest speculation and is insupportable as a matter of law. (*Matter of Maiden, supra; Diemer* v. *Diemer, supra; Schine* v. *Schine, supra.*) Particularly pertinent is the statement of Justice SEARS, speaking for the majority of the court in *Maiden* (pp. 432–433): "Human relations between spouses are so complex and influenced by so many circumstances, separations occur in so many instances with fault and without fault, with consent and without consent that we deem the conclusion of fault on the part of the person leaving the joint home too uncertain for inference alone."