Millard L. Midonick, S.
This is an application by the alleged surviving spouse for a partial advance payment of her legacy under the will and to direct the executors to permit her to occupy the decedent’s co-operative apartment.
In paragraph Eighth of the will decedent provided a minimum elective share trust for the wife "if she shall be my surviving spouse within the meaning of section 5-1.2 of the Estates, Powers and Trusts Law of the State of New York”. In a codicil decedent amended article Eight to recite that he had instituted an action for divorce against his wife and that in the event the litigation remains unadjudicated at his death, his executors are directed to establish that his wife abandoned him. Decedent died prior to termination of that litigation and his executors oppose this application upon the ground that petitioner abandoned the decedent. Petitioner has also filed a notice of election.
The executors take the position that the petitioner is not entitled to a partial payment under SCPA 2102 unless she is indefeasibly vested with rights to a testamentary gift under the will. They assert that since her status is in issue no relief is available under that section. They further maintain that she does not need any moneys from the estate for her support and maintenance.
It appears that while the decedent was alive and during the matrimonial action, the petitioner was awarded temporary alimony. The right to such payment, however, ceased upon the death of the decedent and termination of that action. The proceedings in this court based upon the issue of abandonment have been termed "posthumous matrimonial trials”. (See Matter of Lamos, 63 Misc 2d 840.) A surviving spouse has no right to any temporary alimony in such proceedings and no right, according to respondents, to any advance payment from the estate for her support if her status is challenged. While a restrictive view of the wording of SCPA 2102 (subd 5) might support such a position, the court is of the opinion that it may *718 in its discretion authorize an advance payment, when the question of status is at issue, at least where the alleged surviving spouse is willing to post a refunding bond. (Cf. EPTL 11-1.5; Matter of Brodin, 32 Misc 2d 651.)
In such a situation the estate is protected should the executors be successful in their position challenging the petitioner’s status and the alleged spouse will be protected since she will be adequately supported pending the determination of her status and will not be inequitably forced into a settlement of her rights.
After review of the papers submitted, it appears that the petitioner may prove that she is entitled to a life interest of at least a $3,000,000 share in the estate. Petitioner seeks $5,000 per week as a partial advance payment of her own presumptive legacy pending court determination of whether or not she is a "surviving spouse” within the meaning of EPTL 5-1.2.
Her papers demonstrate prima facie that she has obligations of $3,800 per month for living quarters alone, that she is in considerable debt to several persons, and that her former husband is substantially in arrears in his obligation to her for their child who is dependent and in her custody. Although the former Supreme Court matrimonial allowance pendente lite amounts to a fraction of the weekly sum hereinafter allowed, her apparent needs seem minimally to require the sum of $2,000 per week. This allowance is a partial advance payment of her own presumptive legacy under the will, which she may be required by surety bond to refund fully with interest, if this court determines that she is not a "surviving spouse” under EPTL 5-1.2. The petitioner is thus risking her own assets. Contrariwise, the inter vivos situation was limited in Supreme Court to support for a smaller sum not only not refundable but "having regard to the length of time of the marriage” (Domestic Relations Law, § 236). This marriage lasted less than one year before the decedent’s death, but this circumstance is immaterial under EPTL 5-1.2.
To receive this weekly partial advance payment of $2,000 for a duration of 12 weeks, the petitioner as a condition precedent must post a refunding bond by a corporate surety in the amount of $30,000 to guarantee all expenses and interest, in addition to such payments. In the event the issue of abandonment will not have been finally determined within such 12-week period, she may make an additional application to the court. This decision is without prejudice to a further *719 application by petitioner in the event the issue of status may be determined in petitioner’s favor.
The part of the motion which seeks possession of the decedent’s apartment is denied.