■ In the Matter of CAROLE BENNETT, Also Known as CAROLE JURIST, Deceased. ALLAN S. BOTTER, Respondent; HARVEY JURIST, Appellant.—In a proceeding to determine the validity of a right of election exercised by the appellant, Harvey Jurist, pursuant to EPTL 5-1.1 the appeal is from a decree of the Surrogate's Court, Queens County (Laurino, S.), dated March 25, 1987, which denied him the right of election.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

In December 1982 the appellant left the apartment where he resided with his wife of 18 months, never again to resume living in the same household with her until her death in April 1985. Although the lease to that apartment was in his name, he paid no additional rent until 1984 after the decedent had been evicted and legal action was brought against him. The record supports the Surrogate's determination disqualifying the appellant from exercising his right of election on the ground that he abandoned the decedent without justification or her consent (EPTL 5-1.2 [a] [5]; *Matter of Prince,* 36 AD2d 946, *affd* 30 NY2d 512). Further, the Surrogate properly found that the appellant was disqualified from exercising his right of election on the additional ground that he failed or refused to provide support for the decedent until her death, although he had the means and ability to do so *(see,* EPTL 5-1.2 [a] [6]; *Matter of Barc,* 177 Misc 578, *affd* 266 App Div 677, *lv denied* 266 App Div 742). Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.